SAMUEL W. NEVINS, Appellant, v. JOHN W. COLE-MAN et al., Respondents.

Kansas City Court of Appeals, January 28, 1918.

1. **EQUITY: Reformation of Deed of Trust: Judgment: Res Adjudicata: Parties Bound.** In a suit between grantor and grantee to reform a deed of trust on the ground of mistake, so that a suit for damages might be maintained under a second count for wrongfully assign-

Nevins v. Coleman.

ing said deed to an innocent holder without notice, the judgment in the foreclosure proceedings brought by such assignee without notice against the grantor was not *res adjudicata* of the question whether there was or was not a mistake in said deed, since the foreclosure judgment did not necessarily decide the question of mistake but only as to whether it should be deemed to exist as to such assignee.

2. ———: ———: ———: ———: ———: **Issues Determinable in Former Action.** In the foreclosure suit both the grantor and grantee agreed that the mistake existed and the only basis on which the grantee assisted grantor in the defense was that the assignee took the deed with notice. As between the grantor and grantee, no relief that either might have asked against the other would have been responsive to the bill for foreclosure. They were not adversaries and there was no room for an adjudication of the fact of mistake as between them. Hence one of the conditions necessary to the defense of *res adjudicata* was wanting.

3. ———: ———: ———: ———: ———. When a former judgment is relied upon as *res adjudicata* of a fact in a subsequent suit, there must be no uncertainty as to whether the former judgment was based upon the establishment of that precise question of fact, else it will not be *res adjudicata* of such fact.

4. ———: ———: **Effect of Foreclosure Prior to Reformation.** The fact that a deed of trust has been foreclosed will not affect the grantor's right to correct the same as between him and the grantee so as to determine the rights still existing between them. In such case, the reformation would not affect or clash in any way with its terms and legal effect before judgment of reformation, nor affect the rights of parties purchasing under the foreclosure before the reformation.

5. **COURTS: Jurisdiction: Title to Real Estate.** A suit to reform a deed of trust after it has been foreclosed, wherein the reformation sought does not change or affect the validity of the foreclosure proceedings but only establishes some right as between the original parties to the deed, does not involve the title to real estate and the court of appeals, therefore, has jurisdiction.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

REVERSED AND REMANDED (*with directions*).

*Finley & Sapp* for appellant.

*McBaine & Clark* for respondents.

TRIMBLE, .J.—Plaintiff bought a house and lot of the defendant Coleman, paying a large part of the purchase price by transferring to Coleman, without recourse, a note and a deed of trust for $2018, due November 15, 1913, given by other parties on property already encumbered. As collateral security for the payment of same note he gave Coleman his own note for $500, due December 15, 1913, secured by a second deed of trust upon a small piece of property. On November 15, 1913, Coleman assigned both notes to one Gordon, who, in the year 1916, foreclosed the $2018 deed of trust, and, not obtaining anything like the full amount of the debt, also foreclosed said $500 deed of trust but obtained only a small sum of it, and thereupon, under execution on his deficiency, judgment sold other property of defendant.

The real object and ultimate purpose of this action is to recover damages of the defendant Coleman for the alleged wrongful negotiation of said $500 note to Gordon, it being plaintiff's contention that said collateral note and deed of trust were given on condition that they were to be void if the $2018 deed of trust was not foreclosed by December 15, 1913, but that said provision was, by mistake, left out of said collateral note and deed of trust, and that by assigning same to Gordon without notifying him of said condition, plaintiff was greatly damaged.

The petition is in two counts. The first seeks, in equity, to reform the collateral note and deed of trust on the ground of mistake in omitting therefrom the alleged agreement that they should be void if the other deed of trust was not foreclosed by the date last above mentioned. The second count is for damages accruing to plaintiff by reason of Coleman's assignment to Gordon without telling him of the condition therein, which, by reason of the mistake then existing in said note and deed of trust, did not appear on their face and was not otherwise disclosed to Gordon.

Defendant Bayless was made a party because he was the trustee in said deed of trust.

Coleman's answer to the first count after a general denial, was a plea of *res adjudicata;* that Gordon had theretofore brought a suit in the circuit court against plaintiff to foreclose said collateral deed of trust in which the question of reformation was litigated, and in which it was decreed that the note and deed of trust should not be reformed, since they were, according to the intention of the parties, *unrestricted* collateral security for the $2018 note; and that the said collateral note and deed of trust, as drawn, truly and correctly set forth the agreement of the parties. The answer to the second court was a general denial.

Plaintiff's reply set up that defendant Coleman was not a party *plaintiff* to the suit of Gordon v. Nevins, "but on the contrary defended the same and employed attorneys for the defense of the same in behalf of this plaintiff; that said John W. Coleman was not adversary to this plaintiff under the issue in said case;" that the decision was for Gordon because he was a purchaser without notice.

The case was submitted to the court, the record on this feature reading that "this cause being called for trial, and this being an action in equity, all and singular the matters and issues herein are submitted to the court."

On the first count, the court found that said collateral deed of trust did not state the true agreement as entered into between the parties, and that the same was written under a mutual mistake of fact as alleged in the first count, but that the issues therein raised had been adjudicated in the former suit of Gordon v. Nevins tried at the April, 1914, term of said court, and, for that reason, rendered judgment for defendant on said count. The court found that the same issues were involved in the second count and that the basis of said second count was the restrictive agreement sought to be established in the first, and thereupon rendered judgment for the defendant on the second count for the same reason.

Although it is not a contested matter in the case, yet it may be well to observe that while reformation of a deed of trust on real estate is sought in the first count, yet it clearly appears on the face of the entire proceeding that the title to real estate cannot be affected and is not involved, since it has already passed, by foreclosure, to other parties and cannot be disturbed by any judgment herein. In fact, no attempt is made to affect the title, the reformation sought being only *as between plaintiff and Coleman* to establish the agreement in order that the former may sue to recover damages for the latter's alleged wrongful assignment without being confronted with a written agreement directly contrary to plaintiff's claim. There is therefore, nothing in the case to affect our jurisdiction. [Schultze v. Tatum, 96 Mo. 185; Hardwicke v. Barnes, 253 Mo. 6; Heman v. Wade, 141 Mo. 598, 601; Dubowsky v. Bingell, 258 Mo. 197; Vandergrif v. Brock, 158 Mo. 681.]

Did the issue involved in the first count become *res adjudicata*, as between Nevins and Coleman, by reason of the judgment in the suit of Gordon v. Nevins? Upon being sued by Gordon, Nevins notified Coleman that should he, Nevins, be defeated in that suit, he would hold Coleman liable, and thereupon Coleman paid half of the lawyer expense in defending said suit, and assisted Nevins in his defense by testifying in the case, but he was not a party to the record. Nevins defended in that suit on the ground that the agreement was that the collateral note and deed of trust were to be void if the other deed of trust was not foreclosed by December 15, 1913, and that Gordon was fully informed of this fact when he took the notes as assignee. And Coleman, testifying as a witness for Nevins, swore that such was the agreement between him and Nevins at the time the collateral note was given, and he further testified that he told Gordon of such fact when he assigned the notes to Gordon. The judgment, however, in *Gordon v. Nevins,* was in favor of Gordon. It recites the giving

of said $500 note and deed of trust as collateral security for the amount represented by the $2018 note, and authorized and directed the foreclosure thereof, without making any mention of the condition by which it was claimed the note and deed of trust were void. The judgment is worded as if no defense based thereon had been raised. We say this because, in the case at bar, it is claimed on plaintiff's side that the judgment in *Gordon v. Nevins* was in Gordon's favor because he was a purchaser without notice, while on the defendant Coleman's side it is contended that the judgment was in Gordon's favor because the court in that case found that, *in point of fact,* the note and deed of trust, as drawn, set forth the true agreement. We do not think this last mentioned claim is shown by the Gordon judgment. Nor do we agree with defendant Coleman's claim that Gordon was not in a position to invoke the benefit of a want of notice. He was, it is true, the assignee of the $2018 note after its maturity and therefore took it with notice of any equities that might have existed between the parties to *that* note, but the $500 collateral note was assigned to him *before* its maturity and it is only this note that is in question. Hence we cannot say that the judgment in *Gordon v. Nevins* necessarily decided that in point of fact the note and deed of trust, as drawn, correctly set forth their terms. Indeed, since both of the original parties (payor and payee), to the $500 note were *agreeing* in the ,Gordon-Nevins suit, as to the existence between them of the agreement rendering the note and deed of trust void if the other deed was not foreclosed by December 15, 1913, it is almost certain that the judgment was in Gordon's favor because the element necessary to complete the defense, namely notice to Gordon, was not established. It was not necessary for Gordon to affirmatively invoke want of notice since notice was brought into the case as a necessary element of the defense. What was the cause of action or the question at issue in that suit? It was the question of *Gordon's right* to enforce foreclosure of the deed of trust and to

be paid the amount of said note. If he had no notice of any defect therein, then, as between *him* and Nevins, such defect was as if it had never been, and, therefore, the decree in Gordon v. Nevins directed foreclosure without alluding to any restrictive agreement and as if no defense in reference thereto had been made. In legal theory and effect the restrictive and voiding agreement did not exist *as to Gordon,* and this is all that was adjudicated by that decree. In the case at bar, the cause of action was the right of *Nevins* to have damages of Coleman for putting it out of Nevins' power to obtain the benefit of the violated agreement, and the issue is whether or not the alleged restrictive and voiding agreement existed *as between Nevins and Coleman.* In other words, whether such an agreement existed as to Gordon, in a suit for the enforcement of his right, was one thing, but whether it existed as to Nevins in a suit by him against Coleman is quite another thing.

Again, Coleman by common interest and active participation in the Gordon suit was on the same side as Nevins was, though not a party to the record. As stated, both Nevins and Coleman agreed in the Gordon suit that the restrictive and voiding agreement *did exist as a fact,* so that there was no room for the adjudication of any issue as between *them* even if Coleman had been a formal party to the record and a codefendant with Nevins. If he had been, and the two had filed separate answers, separate relief, as between each other, could not have been asked or granted. No relief that either might have asked against the other would have been responive to Gordon's bill. [Fulton v. Fisher, 239 Mo. 116, 130; Walz v. Venard, 253 Mo. 67, 86.] Besides, any request on Nevin's part for relief against Coleman would have been inconsistent with his and Coleman's claim that Gordon had notice; while any request on Coleman's part for relief against Nevins would have been inconsistent with his testimony that the restrictive agreement did, in point of fact, exist. The matters involved in the Gordon suit were different

from those in the case at bar. Coleman had endorsed the $500 note, as well as the other, to Gordon without recourse. The only liability Coleman was exposed to was liability to Nevins for failing to tell Gordon of the agreement, so that his response to Nevins' notice by participating in the defense of Gordon's suit was solely on the theory that the limiting agreement did exist in fact but that he had told Gordon of it. So that there was no room in the Gordon suit for an adjudication of the issue *as between Nevins and Coleman,* and they were not, nor could they have been, in any sense adversaries in that suit. Since they were not antagonistic to nor adversaries of each other in that suit, one of the conditions necessary to the maintenance of the defense of *res adjudicata* was wanting. [23 Cyc. 1279; Peters v. City of St. Louis, 226 Mo. 62, 75, 76; City of Springfield v. Plummer, 89 Mo. App. 515, 530; Souther Iron Co. v. Woodruff Realty Company, 175 Mo. App. 246; 15 R. C. L. 1013.]

The judgment in Gordon v. Nevins was not *necessarily* based on the court's finding that in point of *fact* the $500 note was limited collateral. Indeed, as heretofore stated, the indications and inferences are all the other way, and there is nothing in the case at bar to show that said judgment was rested upon that ground. When a former judgment is relied upon as *res adjudicate* of a fact in a subsequent suit, there must be no uncertainity as to whether the former judgment was based upon the establishment of that precise question of fact, else it will not be *res adjudicata* of such fact. [Russell v. Place, 94 U. S. 606, 608; Fritsch, etc., Machine Co. v. Goodwin Manufacturing Co., 100 Mo. App. 414; New Orleans v. Citizens Bank, 167 U. S. 371, 398.]

For these reasons we do not think the judgment in Gordon v. Nevins can be regarded as *res adjudicata* of the issue here. Nor does the fact that the note and deed of trust have been foreclosed as valid instruments affect plaintiff's right to establish the true agreement as against Coleman. If the object of the first count

can be strictly called reformation of these instruments, still reformation after foreclosure is not unknown to the law. [34 Cyc. 1000.] It could still be reformed *as to Coleman* from the date of the reformation without clashing in any way with its terms and legal effect before that. [Chapman v. Fields, 70 Ala. 403.]

It is manifest that the judgment for defendant in the second count was rendered solely because of the holding as to *res adjudicata* in the first. In the case as pleaded, the cause of action in the second court was made dependent upon plaintiff's success in the first. For it is clear upon the face of the pleading in the second count that plaintiff was in no position to assert that a wrong had been done him by the assignment until he had first established, in the proper manner, that the collateral note and deed of trust were in reality given upon the condition sought to be established by the first count. Therefore, even if the question of *res adjudicata* were decisive of the first count, still the court could not have rendered judgment for plaintiff in the second count on the theory (now argued by plaintiff) that no plea of *res adjudicata* was filed in that count.

It is urged by defendant that the evidence is not sufficient to establish the agreement and the mistake by which it was omitted and that the judgment for defendant on the first count can be upheld on that ground. We do not think so. The evidence of Nevins in this case is corroborated by the Notary who drew the note and deed of trust and is confirmed by the deposition of Coleman in the Gordon suit which was offered herein as an admission against him. This shows, as the court found, that the agreement was, in fact, made; and there is sufficient evidence to show it was left out by mistake.

As to the first count, the court found the fact therein sought to be established but erroneously held that plaintiff could not have judgment thereon because it had been adjudicated otherwise. The court having found the fact in favor of plaintiff, and upon sufficient

evidence, but denied recovery on said first count upon an erroneous theory of law, it follows that plaintiff is entitled to a judgment on the first count and that a new trial should be had as to the second.

It is accordingly directed that the judgment be reversed as to both counts and the cause remanded with directions to enter up judgment for plaintiff on the first count and to award a new trial of the case on the second. All concur.