ROBERT BARRIE, RESPONDENT, v. CHARLES O. WHITTEN ET AL., DEFENDANTS, LEW H. GALLOWAY, INTERVENOR, APPELLANT.*

Kansas City Court of Appeals. January 7, 1929.

*Corpus Juris-Cyc References: Abatement and Revival, 1CJ, section 190, p. 121, n. 33; section 440, p. 220, n. 18; Judgments, 34CJ, section 1412, p. 995, n. 83; section 1478, p. 1040, n. 78; Municipal Corporations, 44CJ, section 3512, p. 845, n. 35; Notice, 46CJ, section 41, p. 548, n. 83.

*John C. Loos* for respondent.

*J. G. Hutchinson* for appellant.

BLAND, J.—This is an action commenced on June 5, 1925, to enforce a lien of two special tax bills issued by Kansas City for the construction of a district sewer. Under the charter of the city the lien of the tax bills expired unless suit were brought upon them on or before June 30, 1925. The court rendered judgment in favor of plaintiff and intervenor has appealed.

The case was tried before the court upon an agreed statement of facts reading as follows:

"The plaintiff's cause of action is based on Kansas City special tax bills Nos. 30 and 31, issued under ordinance No. 38178, on account of the construction of a district sewer in sewer district No. 474, in sewer division No. 5, against the south fifty feet of the west half of lot 8, and the east half of lot 8, respectively, in High Acres, an addition to Kansas City, Missouri, in the amount of $214.48 and $428.96, respectively, to Thos. M. and Chas. M. Torson doing business as the Torson Construction Company, the contractor; said tax bills being dated November 12, 1920, and bearing interest from said date at the rate of eight per cent per annum until paid. Both of said tax bills being payable in four annual installments of $53.62 and $107.24, respectively, due on the 30th day of June in 1921, 1922, 1923 and 1924, and each constituted a lien against the real estate described therein, to continue for a period of one year after the date of the maturity of the last installment of each, only, unless within such year suit shall have been brought to foreclose said tax liens, and

212

unless within ten days after such suit shall have been brought the plaintiff shall cause a notice to be filed in the office of the city treasurer that such suit has been filed, in which case the liens of said tax bills shall continue until the termination of suit and sale of the property under execution upon a judgment in said action. That default was made in the second installment of each tax bill due on June 30, 1922, by reason of which default the whole amount of the remaining installments on each of said tax bills became due and collectible; that at the time of said default, the remaining installments on tax bill No. 30 amounted to $160.86, and the remaining three installments on tax bill No. 31 amounted to $321.72, each of said sums bearing interest from June 30, 1921 at the rate of eight per cent per annum; that the plaintiff became the owner and holder of said tax bills prior to the bringing of this suit, by an assignment of the same from the contractor for a valuable consideration, paid by The Hanchett Bond Company, and was the owner and holder of the same at the time of the bringing of this suit; that this suit was brought on June 5, 1925, within one year after the date of the maturity of the last installment of each tax bill, and the notice of such suit duly filed in the city of treasurer's office within ten days thereafter; that the work for which said tax bills were issued was duly completed by said contractor in accordance with the provisions of said ordinance duly approved, and the contract therein mentioned ratified and confirmed by the proper authorities of Kansas City, Missouri. It is hereby stipulated and agreed that said tax bills may be introduced in evidence, and the contents thereof be in all things considered the same as if incorporated herein.

"That the plaintiff is the representative of and the agent of The Hanchett Bond Company, a corporation, and the title to said tax bills was taken by said plaintiff and the same were assigned to him, for the convenience of and as the representative of the said Hanchett Bond Company; and that on September 9, 1924, in response to a visit made by J. G. Hutchison to the said Hanchett Bond Company, at its office in Kansas City, Missouri, some time prior thereto, to make inquiry about said tax bills Nos. 30 and 31, the said Hanchett Bond Company wrote a letter to the said J. G. Hutchison, and which he received, as follows:

"'406 Land Bank Building, Kansas City, Missouri, Sept. 9, 1924.
"'Mr. J. G. Hutchison,
"'613 New York Life Building,
"'Kansas City, Missouri.
"'Dear Sir:—Some time ago you called at our office in regard to some delinquent taxes which we hold against the property of Miss Grace Whitton, in High Acre Addition.
"'At that time we were unable to give you the information which you asked for and we would appreciate it if you would again call

upon us regarding the above, as it now becomes necessary for us to do something towards an early settlement of the above bills, for our liens against the property will soon expire. Awaiting your call, we are,

" 'Yours truly,
" 'THE HANCHETT BOND COMPANY
" 'By C. H. Loos.'

"The plaintiff's said suit was brought against Charles C. Whitten, if living, and if dead, against his unknown heirs, consort, devisees, donees, and immediate, mesne or remote, voluntary and involuntary grantees, in accordance with and under the authority of section 1202, Revised Statutes of Missouri 1919, and an order of publication was duly obtained under said section; the petition and affidavit and order of publication, were in due form and duly published in compliance with the provisions of the laws of Missouri in such cases made and provided; the plaintiff alleging in said petition that he did not know whether said Charles C. Whitten was living or dead, and that the names of his heirs, devisees, etc., were unknown to him.

"The section of the charter and ordinances of Kansas City, Missouri (section 24, article 8, of the charter and ordinances of 1909), relating to such tax bill suits and against whom they shall be brought provides that: . . . 'All or any of the owners of the land charged, or of any interest or estate therein may be made defendants therein in any suit upon a tax bill and the right title or interest or estate of the parties made defendants in any such suit shall be bound thereby, and the owners of the land as shown by the records in the office of the recorder of deeds of Jackson county, Missouri, and by the records of the courts of record having jurisdiction in Kansas City shall be conclusively held to be the owners thereof for the purpose of foreclosing such liens, and all suits on such special tax bills may be brought in the name of the owners or assignees thereof.' And that 'parties interested in land not made defendants shall not be affected thereby.'

"At the time this suit was filed, the records in the office of the recorder of deeds of Jackson county, Missouri, showed the record title to the land described herein to be in the name of Charles C. Whitten.

"The said Charles C. Whitten departed this life in Hill City, Kansas, on or about June 21, 1923, leaving a will, in which said will the property herein referred to was specifically devised to Grace I. Whitton, as sole devisee; the said will being duly probated as provided by law in the probate court of Graham county, Kansas, where he then resided. At the time of filing this suit, no administration proceedings had been instituted or had in the probate court of Jackson county, Missouri, and no copy of said will or copy of the ad-

ministration proceedings in Kansas had ever been filed or recorded in the office of recorder of deeds of Jackson county, Missouri.

"On December 12, 1923, the Standard Investment Company, as plaintiff, brought a suit in this court against Charles C. Whitton, if living, and if dead, his unknown heirs, devisees, etc., as defendants, on two special tax bills, aggregating about $22, to enforce the liens thereof against the property herein described; the plaintiff in this suit, Robert Barrie, and The Hanchett Bond Company, were made defendants in that suit by reason of being junior lienors on account if liens of the tax bills sued on in this action, the same being cause No. 20300̄9.

."On January 16, 1924, the defendant Robert Barrie and The Hanchett Bond Company filed answers in said cause, and the same may be considered as a part hereof. On February 7, 1924, the plaintiff Standard Investment Company filed a motion in said cause, which said motion is as follows:

" 'Comes now the plaintiff and states and shows to the court that the defendant Charles C. Whitton, heirs at law, his widow, Grace Whitton, and one child, Ruby Lee Whitton, a minor. That said defendant at the time of his death, was a nonresident of the State of Missouri, and that there is no administrator or executor of his estate in Jackson county, Missouri.

" 'Wherefore plaintiff prays the court for an order substituting as defendants in this action, Grace Whitton and Ruby Whitton, a minor, and leave to amend the body of said petition to show interest of such substituted defendants, and plaintiff further asks that this action be dismissed as to "Charles C. Whitton, if living, and the unknown heirs of Charles C. Whitton, if dead." ' '

"No copy of said motion or notice of intention to call it up for disposition or copy of the amended petition, was ever served upon the defendants, Robert Barrie and The Hanchett Bond Company, or John C. Loos, their attorney of record.

"The rules of the circuit court of Jackson county, Missouri, then in force and effect with reference to the filing of motions and amendments of pleadings are as follows:

" 'Rule 6.—'Whenever, before trial, any change of or in the pleading is made, or pleadings are filed by leave (or otherwise) after the time fixed by law or rule for pleading, the proper party shall serve a copy of such pleading or amendment upon the adverse party or his attorney, as prescribed by law for service of notices . . .'

" 'Rule 29.—"Orders in a cause in the assignment division to which a party is not entitled upon the pleadings shall be granted only when they are consented to in open court, or in writing by counsel upon the opposite side, and filed in the cause, or upon a motion duly filed. Upon the filing of such a motion, or of any de-

murrer, the party filing the same shall, on the day of filing, cause to be served upon the opposite party or his attorney, a notice to the effect that such motion or demurrer will be called up for hearing on a day, in such notice to be named, which shall not be more than ten nor less than two days, after such filing. Upon the day of filing such motion or demurrer, proof of service of such notice shall be deposited with the clerk of the assignment or other division in which such filing is made.'' ' . . .

''On February 7, 1924, the same day the motion was filed, the plaintiff had the court sustain the same; the order of the court sustaining the said motion being set forth in Vol. 69, page 51, of the records of said court; which said record is to be introduced and received in evidence, and the contents thereof in all things considered as fully as if set forth in this statement.

''The defendant, Grace Whitton, was personally served with a copy of the amended petition in the Standard Investment Company case, and filed no answer in the same and made no contest of the Standard Investment Company's case. A default judgment was rendered in favor of the Standard Investment Company and under execution issued in said cause, the sheriff advertised and sold the property described in said judgment on December 30, 1924; at said execution sale, the property was bid in by J. G. Hutchison, an attorney, for and the certificate of purchase issued in the name of Lew H. Galloway.

''The section of the ordinances and charter of Kansas City (section 24, article 8, charter and ordinances of Kansas City, 1909), with reference to sales under execution on judgments foreclosing liens of special tax bills and the redemption of the property from the lien of said judgments, provides as follows:

'' 'Upon sales made by the sheriff upon any such special executions, he shall issue to purchaser a certificate of purchase, setting forth the substance of such special execution, the date of the sale, the purchaser, the property sold and the amount bid. If the property so sold be redeemed within one year from the date of such sale by payment to the sheriff of the amount due on said judgment, including interest and costs up to the date of redemption by the owner of, or party interested in, said property, no deed shall be given by the sheriff. Upon such redemption as herein provided of any tract of land sold under such special execution, the judgment against the same and the lien thereon shall be satisfied on the record of such judgment in the office of the clerk of the circuit court aforesaid by said clerk upon presentation of the receipt of the sheriff of the amount necessary for redemption. If the tract of land so sold be not redeemed, as herein provided, a deed shall be given at the end of

one year from the date of said sale by the sheriff to the holder of such certificate.' . . .

"The said Grace Whitton, a defendant in the Standard Investment Company case, failed to redeem said property within one year after date of the sale of the same, and on December 29, 1925, within one year after the date of the sale of the property under the Standard Investment Company judgment, the defendant, Robert Barrie, in said case, duly paid in to the sheriff of Jackson county, Missouri, the sum of $92.68, the amount necessary to redeem said property from said judgment and sale, and received a receipt for the same and the sheriff's certificates in redemption showing said property was so redeemed by said Robert Barrie from said judgment and sale; the said certificates of redemption to be introduced in evidence and the contents thereof in all things be considered as if fully set forth in this statement.

"It is hereby stipulated and agreed that the judgment entry and all endorsements thereon and record of said judgment in the case of Standard Investment Company herein referred to, found in Vol. 415, at page 359, of the records of the circuit court of Jackson county, Missouri, shall be introduced and received in evidence, and the contents thereof considered as if fully set forth in this statement.

"The motion filed by the plaintiff Standard Investment Company in cause No. 203009, to transfer said cause from tax bill docket to the trial docket, and served upon the defendant Robert Barrie on May 2, 1924, in the caption thereof, described the defendants as 'Charles C. Whitton et al.'

"On January 30, 1926, Grace I. Whitton (then remarried and her name changed to Grace Staggers), conveyed the property described herein by a quit-claim deed to Lew H. Galloway, which said deed recited that she was a resident of Graham county, Kansas, and the grantee, Lew H. Galloway, a resident of Trego county, Kansas; said deed being duly recorded in the office of the recorder of deeds of Jackson county, Missouri, on February 6, 1926.

"The warranty deed in which said property was originally conveyed to Charles C. Whitton, recorded in Book B 2182, at page 628, in the office of the recorder of deeds of Jackson county, Missouri, at Kansas City, with reference to the warranty of title, expressly excepted the last three installments of tax bills 30 and 31, for building sewers.

"The said property described herein was of the approximate value of $2000, with no encumbrances except the taxes.

"Both of the tax bills sued on in this action were duly of record in the proper books kept for that purpose in the office of the city

treasurer of Kansas City, Missouri, from and after November 15, 1920.

"It is agreed that either party hereto may introduce in evidence upon the trial of this cause, any additional evidence not inconsistent with or contradictory of the statements herein set forth."

The answers of The Hanchett Bond Company and Robert Barrie, defendants in the suit brought by the Standard Investment Company, consisted of general denials and they were introduced in evidence in this case. The record in that case showing the substitution of Grace I. Whitten and Ruby Lee Whitten as parties defendant in place of Charles C. Whitten, deceased, and the decree in the Standard Investment case, were also introduced in evidence. The intervenor filed an answer in the case at bar, setting up that plaintiff is not entitled to maintain an action against him as the owner of the land affected by the tax bills for the following reasons: that Charles C. Whitten departed this life on June 21, 1923, leaving a will wherein Grace I. Whitten was made the sole devisee and that the will was probated in Graham county, Kansas, all of which plaintiff had constructive notice and knowledge; that plaintiff had actual notice and knowledge that said Whitten was dead when this suit was brought because of the records of the circuit court of Jackson county in the Standard Investment case; that neither Grace I. Whitten nor Ruby Lee Whitten, who appeared by the records of the said circuit court of Jackson county to be the owners of said land, were made parties to this action at the time of the commencement thereof or at any subsequent time and that because thereof plaintiff could not maintain suit against the intervenor who was the sole owner of the land at the time the intervening petition was filed, for the reason that the liens of the tax bills have long since expired and are barred. The answer also pleads the judgment in the Standard Investment case as *res adjudicata* of the matter set up in the petition in this case.

Plaintiff thereafter filed an answer to intervenor's petition, which petition asked judgment declaring intervenor to be the owner of the land. The answer of plaintiff consists of a general denial and sets up the following facts; that the land is worth $2000; that Grace Whitten filed no answer in the Standard Investment case but permitted plaintiff therein to take a default judgment; that she permitted the sheriff to sell the property under an execution upon said judgment to J. G. Hutchison, an attorney; that the certificate of purchase at the sheriff's sale was issued in the name of the intervenor; that Grace Whitten failed to redeem the property within one year as provided by law and plaintiff was forced on the last day of the redemption period to redeem it by reason of the fact that his tax bills gave him a lien upon the property; that on January 20, 1926, within less than thirty days after the property was redeemed, said

Grace Whitten conveyed the property to intervenor by quit-claim deed; that thereafter, on February 23, 1926, intervenor filed an application to intervene in this case, by and through J. G. Hutchison, his attorney; that Hutchison bought in the property at the execution sale as the representative of Grace Whitten and that Hutchison, intervenor, and said Grace Whitten knew of the existence of plaintiff's tax bills and that they were unpaid but, "connived together for the purpose of compelling Robert Barrie, a defendant in that case, to pay the amount of the Standard Investment Company judgment in order to protect his own tax bill liens, or in the event that he did not, to obtain a sheriff's deed to the property in the name of Lew H. Galloway, free and clear of the plaintiff's tax bills. . . . That the said conveyance by a quit-claim deed from Grace Whitten to Lew H. Galloway was made solely for the purpose of enabling an intervening petition to be filed in the name of Lew H. Galloway as a pretended purchaser, and raise alleged defenses to plaintiff's cause of action;" that by reason of all of these circumstances intervenor does not come into court with clean hands. To the answer of intervenor plaintiff filed a reply which consists of a general denial. Intervenor filed a reply to plaintiff's answer to intervenor's petition denying the facts set up in plaintiff's said answer, and plaintiff filed a reply, consisting of general denials to the answer of intervenor.

There is no point made as to regularity of the proceedings resulting in the issuance of the tax bills, but it is contended by intervenor that this suit was improperly brought against Charles C. Whitten, if living, the unknown consort, heirs, devisees, donees, alienees, or immediate, mesne or remote, voluntary or involuntary grantees of Charles C. Whitten, if he be dead. In this connection it is claimed that plaintiff had no right to allege in his petition that he did not know whether Charles Whitten was living or dead, as plaintiff had both actual and constructive knowledge that said Whitten was dead, when plaintiff brought the suit, and that Grace Whitten was the owner of the lots involved; that there was no commencement of any action against Grace Whitten whom plaintiff actually on constructively knew to be the owner of the property at the time the suit was brought.

There can be no question but if plaintiff had knowledge that Charles C. Whitten was dead or that Grace Whitten was the owner of the property at the time this suit was brought, that it was improperly brought. [Cole v. Parker-Washington Company, 276 Mo. 220, 267; Zweigart v. Reed, 221 Mo. 33.] In support of this contention of the intervenor he cites section 24 of article 8 of the charter of Kansas City, which provides that a suit of this kind may be brought against "the owners of the land as shown by the records in the office of the recorder of deeds of Jackson county, Missouri, and

by the records of the courts of record having jurisdiction in Kansas City;'' That such person shown by such records ''shall be conclusively held to be the owners'' of the land ''for the purpose of foreclosing such liens,'' and that—

''In case any owner of land or interest therein shall be unknown, or a nonresident of the State, suit may be brought against such owner separately or together with others, and such unknown or nonresident owner may be proceeded against and charged by giving notice, either by publication in a newspaper or otherwise as in a suit in the circuit court of Jackson county, to enforce any other lien on land in the county.''

In view of these provisions of the charter, intervenor contends that by reason of the proceedings and judgment in the Standard Investment Company case (notice of which under the provisions of said charter plaintiff was bound to take) plaintiff had notice of the fact that Charles C. Whitten was dead and that Grace Whitten was the sole owner of the land affected by the tax bill.

However, the Standard Investment case was not brought for the purpose of establishing the ownership of the land or who were the ''owners of the land'' within the meaning of the Kansas City Charter, but the ownership of the land in that case was admitted, when the judgment was entered therein, to be in Grace Whitten. While under the provisions of the charter plaintiff was required to examine the records of the recorder of deeds of Jackson county and the courts of record having jurisdiction in Kansas City, he was not required to examine the judgment and record in a case such as that of the Standard Investment Company, which was merely brought for the purpose of enforcing the lien or tax bills against the land, the ownership of which was not contested, consequently that proceeding afforded neither actual nor constructive notice to plaintiff that Charles C. Whitten was dead or that the land was owned by Grace I. Whitten as his sole devisee. In bringing suit upon his tax bills, it was not necessary for plaintiff to make holders of liens parties defendant, although, of course, unless they were trade parties, the suit could not affect the rights of such holders. Plaintiff was therefore under no duty or necessity to examine the records of the circuit court to ascertain if any lien had been established on the land.

However, it is claimed that plaintiff had actual notice of the fact of the death of Whitten because plaintiff was a defendant in the Standard Investment case, appeared therein and filed an answer on January 16, 1924. The motion filed by plaintiff in that case to substitute defendants in the action on the ground that Charles C. Whitten was dead, was not filed until February 7, 1924, and while the general rule is that where defendant is duly served in the case, he is bound to take notice of all subsequent matters happening there-

in (29 Cyc. 1116), the agreed statement of facts recites that no copy of the motion or notice of intention to call it up for disposition was served upon defendants by Robert Barrie, Hanchett Bond Company or John C. Loos, attorney of record, as required by the rules of the circuit court. There is no showing that a copy of the amended petition in that case was served upon any of such persons and the agreed statement of facts recites that the judgment was by default. Under such circumstances it has not been shown that the plaintiff herein had either actual or constructive notice of the substitution of parties defendant in that case or the reason why such substitution took place, to-wit, the death of Charles C. Whitten. [28 Cyc. 8.] While it is true that the judgment in that case recites that defendants therein, Robert Barrie and Hanchett Bond Company appeared at the trial by their attorney, the agreed statement of facts shows to the contrary. In view of our decision of this matter, it is unnecessary for us to pass upon the effect of the failure of the motion to substitute parties defendant to state the true ownership of the land, and the recitation in the order of substitution that Grace and *Ruby Lee* Whitten be substituted for Charles C. Whitten, *"if dead."*

We think, however, that the letter written to Hutchison by the Hanchett Bond Company (and we may say here that it is admitted that plaintiff, Robert Barrie, was at all times the agent and representative of the Hanchett Bond Company) shows that plaintiff knew on September 9, 1924, the day the letter was written and before this suit was brought, that Grace Whitten was the owner of the property. The letter taken by itself without explanation is tantamount to an assertion by the writer thereof that it knew that Grace I. Whitten was the owner of the property and no explanation is contained in this record as to the reason for the writing of such a letter if it did not know it. The explanation given in plaintiff's brief for the writing of this letter, is not supported by the testimony. We, therefore, are of the opinion that, as the record now stands, the court erred in rendering judgment in favor of plaintiff and the judgment must be reversed and the cause remanded. However, as the case, will, no doubt, be retried, it is necessary to pass upon some other questions raised, which will likely recur at another trial.

It is contended that after the suggestion of the death of Charles C. Whitten in this case, a revivor was necessary. It has been held that when plaintiff properly alleges in his petition that parties to the cause are unknown to him and properly obtains an order of publication and publishes the same, the heirs and devisees are parties to the suit and bound by the judgment even if the principal defendant named is dead. [Organ v. Bunnell, 184 S. W. 102; Fleming v. Tatum, 135 S. W. 61.] Of course, as before stated, this rule does not obtain if knowledge is shown on the part of plaintiff of the death

of the principal defendant. We may, therefore, regard this suit as brought not against Charles C. Whitten but against his heirs, devisees, donees, alienees, etc., and, consequently, there was no necessity of a revivor when it appeared that Charles C. Whitten was dead because Grace Whitten corresponded to the designated parties sued. She was still before the court even after the death of Charles C. Whitten. [Arnett v. Williams, 226 Mo. 109.] We do not think that the case of Cole v. Parker-Washington Company, supra, is in point on this question. In that case the principal defendant was living and was served but he died while the suit was pending. The court held that a judgment under such circumstances was erroneous. However, in the case at bar, Charles C. Whitten was dead when the publication was made, consequently he was not served. This case affords a very different situation from one where the defendant was served while living and he died pending the suit and there was no revivor after his death as against his heirs. In the case at bar Charles C. Whitten was not served at all but those named in the publication were served and Grace Whitten was a party although not made so by express name. [Schnitger v. Rankin, 192 Mo. 35.]

It is contended that the judgment is the case of Standard Investment Company is *res adjudicata;* that even though plaintiff herein was a defendant in that case and did not attempt to enforce therein the lien of his tax bill, he could have done so and was in duty bound to have done so, and, therefore, the subject-matter of this suit is *res adjudicata.* We think there is no merit in this contention. While plaintiff herein and the defendants in the Standard Investment case were co-defendants, they were not adversaries and we are unable to see upon what theory plaintiff can be estopped on account of his failure in that case to take the necessary steps to enforce his lien, even if he could have done so. [Mo., Kan. & Tex. Ry. Co. v. American Surety Co., 291 Mo. 92; Nevins v. Coleman, 200 S. W. 445; M. K. & T. Ry. Co. v. American Surety Co., 236 S. W. 657; Barber Asphalt Paving Co. v. Field, 132 Mo. App. 628; Casner v. Schwartz, 286 S. W. 401, 404.]

We do not think that the claim of collusion set up in plaintiff's answer is supported by the facts.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.