**Gertrude M. VOGEL (Plaintiff), Respondent,**

v.

**Carl J. VOGEL (Defendant), Appellant.**

Nos. 30084, 30089.

St. Louis Court of Appeals.

Missouri.

March 15, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied April 12, 1960.

Claude W McElwee, St. Louis, for appellant.

Lashly, Lashly & Miller, Grove G. Sweet, St. Louis, for respondent.

JOHN K. REGAN, Special Judge.

This is an appeal from an order of the trial court overruling defendant's motion to quash an execution.

A detailed delineation of the facts would unduly extend this opinion, but a resume of them is necessary. Plaintiff and defendant were divorced by a decree of the St. Louis County Circuit Court on July 15, 1938. The decree provided for the payment of monthly alimony in the sum of $200. The defendant paid this sum up to January, 1948. He then defaulted in his payments necessitating plaintiff's filing of an affidavit on July 2, 1948, reciting prior payments and the default. Thereafter, on July 2, 1948, plaintiff caused an execution to be issued to the Sheriff of St. Louis County, and one issued to the Sheriff of the City of St. Louis. The file in the original divorce action contains these three entries, as well as the numbers given to executions; these numbers were 128358A for the execution delivered to the St. Louis County Sheriff, and 128358B for the execution delivered to the Sheriff of the City of St. Louis.

There are no further minute entries in the original file in relation to the executions, because the rules of the Circuit Court of St. Louis County required that executions be treated as separate cases, having the same number as the original case with a letter appended to the number indicating it was an execution. As previously set forth, this was done in both of these executions.

The transcript reveals that in garnishment proceeding No. 128358A the garnishee, being Normandy State Bank, paid $832.17 into court. The garnishee was allowed $10 for answering, and the balance of $822.17 was paid to the plaintiff on October 22, 1948, on order of the trial court.

In the other garnishment proceeding, No. 128358B, under date of October 29, 1948, a stipulation of dismissal was filed by the parties, the terms of which included the following: "Payment of said sum of $51.18 is hereby acknowledged." This stipulation was signed by J. M. Lashly, attorney for plaintiff, and Claude W. McElwee, attorney for defendant. All these entries are contained in various permanent records of the trial court, but not endorsed on the judgment in the original case.

The record before us shows that on or about November 2, 1948, plaintiff's attorney received a check for $600 made payable to plaintiff and signed by Marian K. Vogel, the present wife of the defendant, which check was accompanied by a letter of transmittal from defendant's attorney stating the check was in payment of back alimony to November 1, 1948.

The evidence reveals that for the month of December, 1948, and for each succeeding month up to June, 1956, plaintiff received a check for $200 signed by Marian K. Vogel. On several occasions during this period the alimony payments were delayed, requiring plaintiff's attorney to correspond with the defendant, Carl J. Vogel, calling the delay to his attention. In each instance, replies were received indicating knowledge on' the part of the defendant of the payments being made to plaintiff by defendant's present wife. Some of these delayed payments were sent to plaintiff's attorney, and at least one check was the personalized check of the defendant Carl J. Vogel, but was signed by Marian K. Vogel.

The last payment received was a check signed by Marian K. Vogel payable to plaintiff, but mailed to plaintiff's attorney and forwarded by him to plaintiff. Neither the defendant nor anyone in his behalf made payment to the plaintiff for the month of June, 1956, nor any month thereafter.

On September 10, 1956, plaintiff filed a motion in the trial court asking that the court order the clerk to note and attest on the margin of the record of the original judgment her acknowledgment of payments made pursuant to said judgment. In addition, plaintiff filed an affidavit setting forth the payments in support of said motion.

Thereafter, on September 26, 1956, defendant filed a document styled "Special Appearance of Defendant and Plea to the Jurisdiction." The purport of this document was that the judgment was presumed paid because no scire facias was sued out to revive the judgment; nor was any payment entered on the record of the judgment. Further, that if the court granted the relief sought by plaintiff, it would deny defendant's constitutional rights.

The original court file contains a minute entry for July 29, 1957, by the court, that "Motion to enter of record acknowledgment of payments pursuant to judgment overruled. Memo of Court filed." The same wording was on a yellow minute memorandum signed by the trial judge.

Plaintiff filed an affidavit acknowledging payment received pursuant to the original judgment, on August 2, 1957, in aid of execution, and this was noted in the minutes. The following day plaintiff sued out her execution directed to the Sheriff of the City of St. Louis.

On September 27, 1957, defendant filed his motion to quash the execution, which

motion was tried to the court on November 22, 1957, and thereafter the court rendered its judgment on January 30, 1958, sustaining defendant's motion to quash in part and denying it in part, holding: "Plaintiff is entitled to recover the sum of $200.00 a month from May, 1956, to and including July, 1957, in the total sum of $2,800, together with interest thereon as provided by law. Sums claimed in said execution in excess thereof denied, and said execution quashed in that respect."—from which order defendant filed his notice of appeal on February 5, 1958.

The defendant's assignments of error are: (1) That the trial court erred in overruling defendant's motion to quash the execution because the judgment was entered on July 15, 1938, and was presumed paid and the debt satisfied, cancelled and extinguished by the expiration of ten years from the date of the original rendition of judgment without a scire facias having been issued to revive said judgment and without a payment having been made on said judgment and duly entered upon the record thereof within ten years from the date of the original rendition thereof. (2) That the order of the Circuit Court of July 29, 1957, dismissing plaintiff's motion to order the clerk to endorse payments on the record of the judgment, was a general judgment which determined and adjudicated that defendant did not make payments under said judgment prior to July 29, 1957, and is res adjudicata on the issue of whether payments were made by the defendant under said judgment prior to July 29, 1957, and, as all payments mentioned in plaintiff's affidavit, filed on August 2, 1957, are alleged to have been made prior to July 29, 1957, the judgment of July 29, 1957, is res adjudicata as to all payments mentioned in the affidavit under which Execution No. 29316 was issued. (3) That the issuance of execution without notice to the defendant was a denial of his constitutional rights under Article I, Section 10 of the Constitution of Missouri, 1945, V.A.M.S., and the 14th Amendment of the Constitution of the United States. (4) That judgments for alimony are subject to Section 516.350 RSMo 1949, V.A.M.S. (5) That payments made to discharge garnishment proceedings are not voluntary and do not toll the running of Section 516.350, supra.

Defendant's assignments of error enumerated above, with the exception of No. 2 and No. 3 thereof, all pertain to the interpretation of Section 516.350 RSMo 1949, V.A.M.S. The question raised in these points is whether the payments, made in the manner in which they were, destroyed the presumption of payment. The evidence clearly proves payment by the defendant up to the time the executions were run on July 2, 1948. Thereafter, the evidence of payments by the present wife of defendant up to June, 1956, were clearly made with full knowledge and consent of the defendant. It is undisputed that no endorsement of payment was made on the record of the judgment in the original case, but it is the payment, and not the endorsement on the record, which rebuts the presumption of payment. Eubank v. Eubank, Mo.App., 29 S.W.2d 212; State ex rel. Meyer v. Buford, Mo.App., 18 S.W.2d 526, loc.cit. 528.

In the case of State ex rel. Meyer v. Buford, supra, the court said (loc.cit. 528): "The clause in section 1341 referring to the effect of payments on account of judgments must be deemed to have been inserted for a purpose. If it does not mean that such payments shall have the effect of extending the life of the judgment, it is meaningless. The last clause of the section provides that: 'After the expiration of ten years from the date of the original rendition * * * or from the date of the last payment, * * * no execution, order or process shall issue thereon.' This can mean nothing else but that prior to the expiration of 10 years from the date of the last payment, execution may issue."

Defendant's assignment of error No. 2 that the order of the trial court of July 29, 1957, dismissing plaintiff's motion to order

the clerk to endorse payments on the record of the original judgment, was a general judgment which determined and adjudicated that defendant did not make payment under said judgment prior to July 29, 1957, and is res adjudicata on the issue of whether payments were made by the defendant under said judgment prior to July 29, 1957, the judgment of July 29, 1957, is res adjudicata as to all payments mentioned in affidavit under which Execution No. 29316 was issued.

The record shows that on July 29, 1957, the trial court entered the following order: "Motion to enter of record acknowledgment of payments pursuant to judgment overruled. Memo filed," signed by the trial judge.

■ This was an order overruling plaintiff's motion, and not a general judgment disposing of all parties and all issues in the case. The plaintiff did not appeal from this order, and properly so, because an appeal was not authorized by Section 512.020 RSMo 1949, V.A.M.S. That section, so far as material here, authorizes an appeal from any final judgment. A judgment to be final must dispose of all parties and all issues in the case. Dyer v. Martin Loan & Finance Co., Mo.App., 281 S.W.2d 633; Bennett v. Wood, Mo.Sup., 239 S.W.2d 325. Unless specifically authorized, appeals do not lie from rulings on motions which do not involve a final disposition of the case. Madison v. Sheets, Mo.Sup., 236 S.W.2d 286.

■ Plaintiff could not properly appeal from the order of July 29, 1957; therefore, said order could not be considered a final judgment disposing of all parties and all issues in the case. Further, the issue of payment was not before the court, and not having been determined by the order of July 29, 1957, could not have been concluded. Plaintiff's motion asked the court to order the clerk to endorse the payments of record. This the trial court overruled, but did not find that no payments were made, as contended by defendant. Before a previous order could be considered to be res adjudicata of an issue, that issue would have to have been raised and ruled on by the court. State ex rel. Lane v. Corneli, 351 Mo. 1, 171 S.W.2d 687; Nevins v. Coleman, 198 Mo.App. 252, 200 S.W. 445; 30A Am.Jur., Judgments, Sec. 467, page 507.

■ The defendant's contention that the action of the trial court on July 29, 1957, overruling plaintiff's motion to endorse on the record prior payments was tantamount to a finding that no payments were made, is untenable. The trial court can take judicial notice of its own records; therefore, the court can take notice of both execution files and the order directed to the Sheriff of St. Louis County, which order was made July 2, 1948, and which order contained the following statement:

"Whereas, in a cause wherein Gertrude M. Vogel, Plaintiff, and Carl J. Vogel, defendant, said Gertrude M. Vogel on the 15th day of July, Nineteen Hundred and Thirty-Eight, at our Circuit Court, Division No. Two, before the Judge thereof, recovered against Carl J. Vogel, said Defendant, the sum of $200.00 per month Alimony and the sum of $250.00 for Attorney's Fees.

"Whereas, it appears to us from the affidavit this day filed, that there is due and owing said Plaintiff the sum of Eight Hundred Seventy-Five and 00/100 ($875.00) Dollars, together with interest thereon, at 6% per annum, and costs of Execution as all fully appears to us of record and from the files in the office of the Clerk of the Circuit Court, St. Louis County, Missouri."

The quoted order demonstrates that the court knew of the judgment of July 15, 1938, and of the alimony award; also that there had been substantial payments over the years since 1938, because only $875 was due. Further, the trial court must take notice of the records in the same case, as herein, that defendant by his attorney, on

October 29, 1948, paid the sum of $51.18, being the balance due on the $875 execution and costs.

Since the trial court records reveal the facts and orders above set forth, the trial court's order overruling plaintiff's motion to endorse payments on the record could not be considered as ruling that no payments had been made, as defendant contends. 31 C.J.S. Evidence § 50, p. 620; 23 C.J., Evidence, pages 113 and 114, sec. 1920; Thompson v. Scott, 323 Mo. 790, 19 S.W.2d 1063; Lemmon v. Continental Casualty Co., 350 Mo. 1107, 169 S.W.2d 920.

 Defendant's third assignment of error is that the trial court deprived him of his property rights without due process of law in violation of his constitutional rights, by issuing Execution No. 29316 without notice, because in doing so defendant was deprived of the presumption that the judgment under which said execution was issued has been paid and satisfied, and of the further presumption that the debt thereof had been wiped out, canceled and extinguished. This assignment raises a constitutional question and, if adequately and timely presented and preserved in the lower court, would lodge jurisdiction of this appeal in the Supreme Court. However, for the Supreme Court to have jurisdiction, the constitutional question must rest on matters of substance. This assignment is without merit and substance, because the record clearly shows that defendant not only had notice of the issuance of Execution No. 29316, but attacked it in the lower court by motion to quash. It is from the action of the lower court in overruling this motion that defendant has prosecuted the appeal to this court. Because the assignment is without merit and does not rest on a matter of substance, the jurisdiction of this appeal is in this court.

The order of the trial court of January 30, 1958, is affirmed.

WOLFE, P. J., and RUDDY, J., concur.