**MEADOWBROOK COUNTRY CLUB,**
Respondent,

v.

Sam DAVIS, Appellant.

No. 50436.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1964.

Cupples, Cooper & Haller, by Irving L. Cooper, Clayton, for respondent, Meadowbrook Country Club.

John Grossman, St. Louis, for defendant (appellant).

PRITCHARD, Commissioner.

Appellant was sued by respondent in Magistrate Court upon an account for dues and assessments alleged to be owed respondent. From a judgment against him dated September 28, 1962, appellant perfected an appeal to the Circuit Court. The notice of appeal to the Circuit Court was filed October 6, 1962, and the transcript of this appeal was lodged in the Circuit Court on October 11, 1962. Trial to the court without a jury on May 27, 1963, resulted in a judgment against appellant for $784.90, plus interest and costs. Appellant seeks to present to this court a constitutional question (raised for the first time on the day of trial) that the application of the below-mentioned Rule 3K of the Circuit Court of St. Louis County infringed his right to a jury trial. Said Rule 3K provides that any party desiring a jury trial of an appeal from Magistrate Court or Municipal Court shall file a written request therefor, and deposit $15.00 with the circuit clerk within 30 days after the filing of the transcript on appeal. Failure to do so shall be a waiver of a trial by jury and the case shall be assigned to the jury waived docket. On December 5, 1962, there was an entry on the Circuit Court minutes, "Pursuant to Court Rule 3K, jury trial waived. Cause assigned to Assignment Division." On March 26, 1963, the court entered the following order: "Deft-Appellant and Pltff-Appellee, having failed to

request a trial by jury within 30 days after the filing of the transcript on appeal, (Rule 3K, Rules of Court), the jury trial is waived in the above cause; the above cause is hereby assigned to Division No. 1 for trial."

On April 11, 1963, a $50.00 deposit with the circuit clerk was made by appellant, who also filed a written request and memorandum, "Defendant requests jury trial; cause removed from Docket of April 29th and placed on jury trial docket." The request and proffered memorandum (suggested court order for jury trial) were denied by the court on the following day. The trial began on May 27, 1963, and appellant orally renewed his request for a jury trial, which was again denied, the court stating that he had already ruled the request on the basis of Rule 3K. Immediately after the oral request was denied, appellant excepted to the ruling of the court, if it was made under the authority of said Rule 3K, and suggested (for the first time) that the rule deprived him of the right for jury trial without due process of law.

■ Our jurisdiction depends upon whether a constitutional question was properly preserved by appellant, and essentially the inquiry is whether appellant has timely interposed the objection that the Rule 3K is violative of Art. I, § 22(a) of the 1945 Missouri Constitution, V.A.M.S., providing "That the right of trial by jury as heretofore enjoyed shall remain inviolate: * * *." It is firmly established that a constitutional question must be presented at the earliest possible moment "that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." Securities Acceptance Corporation v. Hill, Mo., 326 S.W.2d 65, 66 [1], and other cases there cited.

■ Appellant and his counsel participated in the initial proceedings in the Magistrate Court. After judgment against him there he perfected his appeal to the Circuit Court. Appellant was bound to

know the existence of the court Rule 3K requiring a written request for a jury trial, else it would be deemed waived by the express terms of the rule. See 21 C.J.S. Courts, § 176b., p. 280, where it is said, "Attorneys practicing before a court, regardless of whether they reside in the same county or not, and the parties to actions therein are bound to take notice of the duly-adopted and promulgated rule of such court, * * *." Appellant claims that he had no knowledge of the action of the court on April 12, 1963, in denying his belated request for a jury trial which he made on April 11, 1963, until the date of trial, May 27, 1963. Such claim is untenable because of the general rule, "[a] party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof," and "The attorneys in the case, where proper process has issued, who are in court, are chargeable with notice of all orders affecting pending causes." 66 C.J.S. Notice, § 12, p. 648. See also Barrie v. Whitton, 223 Mo. App. 210, 13 S.W.2d 42, 47 [3, 4]; and the discussion of reasonable notice to a litigant in the case of In Re Jackson's Will, Mo. App., 291 S.W.2d 214, 225 [22–26].

Here, appellant did not seek to set aside the court order of March 26, 1963, or direct any constitutional objection thereto. He did not include in his motion of April 11, 1963 for jury trial any allegation that Rule 3K deprived him of his constitutional right to a jury trial. Instead, being held to have known the existence and effect of Rule 3K at the time his appeal was perfected to the Circuit Court, and being held to knowledge of the court's orders affecting this live litigation, he awaited the day of trial to suggest a violation of his constitutional right to trial by jury, and he thereby failed to be vigilant in following the progress of this proceeding in which he was involved. In Re Jackson's Will, supra. The day of the trial of this case was not appel-

lant's first opportunity to raise the constitutional question. He has not timely raised any constitutional question, and we therefore have no jurisdiction of this appeal.

The case is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.