George Daniel HARRIMAN,
Plaintiff–Appellant,

v.

HOUSEHOLD FINANCE
CORPORATION,
Defendant–Respondent.

No. 11834.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 17, 1980.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for plaintiff–appellant.

Wallace N. Springer, Jr., Springer & Haseltine, Springfield, for defendant–respondent.

TITUS, Presiding Judge.

Defendant (then plaintiff) sued plaintiff (then defendant) on a promissory note. Plaintiff was served with a summons and a copy of the petition by a deputy sheriff who delivered the papers to plaintiff's wife at their dwelling house. § 506.150 and Rule 54.13(a)(1).[1] Plaintiff did not respond and a default money judgment was entered against him July 23, 1979. Thereafter, defendant instituted garnishment proceedings in aid of execution to enforce the judgment and plaintiff instituted this equity action to set aside the judgment. Defendant's motion to dismiss plaintiff's amended petition was sustained with prejudice and plaintiff appealed.

· In plaintiff's amended petition he averred that his wife, ignorant of legal matters, laid aside the served documents and lost them before subsequently detailing to plaintiff the deputy sheriff's visit to their home. Apparently before defendant was in default, the pleading states that plaintiff "telephoned" the sheriff's office and was referred to the office of the Circuit Clerk. Upon contacting an unidentified person in the clerk's office, plaintiff inquired if "it was necessary for him to appear in court" after he had been advised a suit had been filed against him. The pleading then alleged: "As plaintiff understood the reply to said inquiry, he was told that he need not so appear, for which reason he did not do so, expecting that he would be further advised as to when he should appear in court." Plaintiff did not appear in person or otherwise, and the default judgment, supra, was entered. The petition states the "judgment taken by default by defendant and against plaintiff was rendered by accident, mistake and inadvertence in that plaintiff was denied [by whom?] an opportunity to appear and defend said cause and was without any fault or neglect whatever on his part." The pleading concluded with asseverations as to why plaintiff had "a good and sufficient defense to said suit" and the usual prayer for relief.

At the outset we note the amended petition makes no claim of extrinsic fraud or fraud in the procurement of the judgment. Also, the allegation as to plaintiff's understanding of what he was told by the unidentified person in the clerk's office [not alleged to be an agent of defendant] is not a statement of fact. "Usually one's understanding about a matter is not competent evidence." *Gonseth v. K & K Oil Company*, 439 S.W.2d 18, 25[9] (Mo.App. 1969); *Cox v. McKinney*, 212 Mo.App. 522, 530, 258 S.W. 445, 447–448[8] (1923). Likewise, the petition does not undertake to state that the person in the clerk's office told plaintiff he would be further advised as to when he should appear in court. This is merely what plaintiff expected with no allegation of a basis for such an expectation, and the averment regarding personal appearance did not negate the necessity to plead to the petition. That plaintiff had no knowledge of the proceeding in the suit on the note is wholly untenable. "As a general rule a party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof." 66 C.J.S. Notice § 12, at p. 648; *Mea-*

*dowbrook Country Club v. Davis*, 384 S.W.2d 611, 613[5] (Mo.1964); *Barrie v. Whitton*,[2] 223 Mo.App. 210, 219–220, 13 S.W.2d 42, 47[3] (1929).

"Equity will relieve against a judgment for extrinsic fraud [not involved herein], accident and mistake . . ., and where a defendant is denied the occasion to present a meritorious defense by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances *unmixed with neglect or inattention*, a court of equity will vacate a default judgment and give the injured party an opportunity to present his defense to the trier of the facts. . . . 'Surprise' as used . . . in applying for equitable relief against judgments, refers to 'such unforeseen events, misfortunes, losses, acts or omissions, *as are not the result of any negligence or misconduct in the party*' . . . or 'an unforeseen disappointment in some reasonable expectation *against which ordinary prudence would not have afforded protection*' . . . . 'Accident' has been defined as 'an unforeseen occurrence affecting a person injuriously, and *not due to his own negligence*' . . ., while 'mistake' is said to be 'an erroneous mental condition, conception, or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but *without negligence*, and resulting in some act or omission done or suffered erroneously by one or both the parties to a transaction, but without its erroneous character being intended or known at the time.'" *Hamm v. Hamm*, 437 S.W.2d 449, 453[2][4, 5] (Mo.App.1969). Or stated more to the point: "A judgment may be set aside on grounds of . . . accident or mistake, but to succeed [plaintiff] must [allege] reasonable diligence and good grounds for failing to defend . . . ." *Citizens Bank of University City v. Gehl*, 567 S.W.2d 423, 425[2] (Mo.App.1978).

Plaintiff's petition fails on each ground. Even giving credence to the allegation that plaintiff's wife believed delivery of legal papers by a deputy sheriff was of no moment and that the papers were thereafter lost, the petition still attests that before judgment, plaintiff became aware of the fact he had been sued and that an action against him was pending. Nevertheless, plaintiff did not consult counsel. Nor did he expend any effort either to ascertain the nature of the litigation or to secure a copy of the served but allegedly "lost" legal papers. Likewise, plaintiff made no effort to ascertain what steps, subsequent to the filing of the petition, were being taken and in no way demonstrates in his petition that he had been denied the opportunity to defend by reason of accident or mistake untainted with neglect or inattention on his part. If one negligently fails to look after litigation he has no cause to complain that a default judgment should be set aside. *Gregg v. Johnston*, 546 S.W.2d 754, 756[2] (Mo.App. 1977).

Judgment affirmed.

FLANIGAN, C. J., and GREENE, J., concur.

PREWITT, J., recused.

---

2.  *Barrie v. Whitten* in original reporter.