Gerald Wayne TODD, Respondent,

v.

Winfred GOOSTREE, d/b/a Goostree Hauling Company and United States Fidelity & Guaranty Company, Appellants.

No. 27501.

Missouri Court of Appeals,
Kansas City District.

Sept. 2, 1975.

Motion for Rehearing and/or Transfer Denied Oct. 6, 1975.

Application to Transfer Denied Nov. 10, 1975.

**471**

Mitchell, Larson, King, Stamper & Bold, Kansas City, of counsel.

James S. Formby, Robert E. Stewart, Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from entry of judgment on workmen's compensation award, pursuant to § 287.500, RSMo 1969.

In the case of *Todd v. Goostree et al.,* 493 S.W.2d 411 (Mo.App.1973), this court reversed the judgment of the Circuit Court of Lafayette County, which had affirmed a denial of workmen's compensation benefits to Gerald Wayne Todd. The cause was ordered remanded to the Industrial Commission for further proceedings consistent with the opinion.

Before the Industrial Commission acted upon the remand, the employer and its insurer filed a "Motion for Further Determination and for Evidence," requesting the Commission to make a determination of whether the claimant had sustained an accident arising out of and in the course of his employment and also an evidentiary hearing before the Division of Workmen's Compensation on the issue of the nature and extent of claimant's disability.

On July 12, 1973, the Industrial Commission issued its "Final Award Allowing Compensation Pursuant to Remand from Missouri Court of Appeals Kansas City District." Omitting caption and signatures, the Commission's order read:

"The above entitled workmen's compensation case was submitted to the Industrial Commission of Missouri for review as provided by Section 287.480, Revised Statutes of Missouri, 1969.

"The referee, after hearing, issued his award denying compensation on June 12, 1968, and found as follows:

Gordon N. Myerson, Kansas City, for appellants; Laurence R. Tucker, Morris,

'I find and believe from all the credible evidence that Claimant herein did not sustain an accident as provided in Section 287.-020(2) or injury to the physical structure of his body as provided in Section 287.020(3) Revised Statutes of Missouri, and therefore compensation must be denied and is hereby denied.'

"On July 3, 1969, the Commission, one member dissenting, after having reviewed the evidence and considered the whole record, affirmed the award of the referee of June 12, 1969, in favor of the employer and insurer and against the employee and awarded no compensation.

"Thereafter, the final award of the Industrial Commission was challenged by the employee in the Circuit Court for the County of Lafayette (No. 10009) which affirmed the award of the Industrial Commission on June 29, 1970.

"Subsequently the judgment of the circuit court was appealed to the Kansas City Court of Appeals (No. 25,576) which court, now the Missouri Court of Appeals, Kansas City District, on January 19, 1973, found that the employee's crippling neurosis precipitated by emotional shock was harm to the physical structure of his body, and therefore an injury within the definition of Section 287.020(3) RSMo 1959. The court reversed the judgment and remanded the cause to the circuit court with directions that it be remanded to the Industrial Commission for further proceedings consistent with its opinion, which was done.

"The court in its opinion gave the following account of the incident which resulted in employee's injury:

'The facts in evidence are not in dispute, either as to the occurrence or its results. On September 14, 1966, the claimant was employed by respondent Goostree (sic) Hauling Company as the driver of a tandem dump truck and, in the course of his employment, was hauling rock from a quarry. Just prior to the tragic incident, claimant had driven the truck into the quarry and was waiting his turn to be loaded from a Hyloader, which was then occupied with a truck operated by a fellow employee named Swift, known familiarly to the claimant as "Reverend Swift." At a signal from the Hyloader operator, claimant backed his truck under the Hyloader and stopped. The Hyloader operator first started his machine, then turned the motor down, got off the machine, walked toward the claimant's truck and looked under it. The claimant assumed something was wrong with his truck, got down and walked around it, following the Hyloader man. When he reached the rear of the truck, the claimant was confronted with the sight of Swift's dead body under the rear axle. In claimant's words: "I seen the man sticking out from under the truck . . . I walked up there, I could see him, and I'd see his head and everything was all mashed, and . . . (t)he rear axle . . . (i)t was on his head and chest . . . I seen the man; I just . . . went in shock, and . . . I just . . . how in the world did anything like that could happen; and I just . . . felt so awful that I just went to crying and went over and set on a rock; and I waited until my dad come up there, and they asked me if I'd move the truck, and I told them I didn't want to drive the truck no more."

'Confronted by this grisly scene, claimant immediately manifested severe emotional shock. He cried uncontrollably and shook so violently he could hardly sit still.

'Claimant remained at the quarry the rest of the evening, until his father came and took him home. He continued to cry until he passed off to sleep. He continued to tremble and shake throughout the rest of the day. That night he was unable to sleep at all because his mind was obsessed with the tragedy.'

"We believe that the entire episode so vividly described by the court, beginning with the signal to back the truck under his control and ending with the stark and indelible realization of the irremediable result he had just unwittingly brought about, when

considered as a rapid chain of events, clearly constitutes an accident under the terms and provisions of the Missouri Workmen's Compensation Act. The whole event was certainly 'unexpected or unforeseen' and there can be no serious question but that it happened 'suddenly and violently' and produced at the time, as the court has ruled, 'objective symptoms of an injury.' Section 287.020(2) Revised Statutes of Missouri, 1969. Accordingly, finding that the employee suffered an injury by accident arising out of and in the course of his employment, compensation must be and is, hereby allowed.

"The Commission finds that the claimant's average weekly wage was from $125 to $150 per week; that the employer had actual notice of the accident and that the claim was filed within the time prescribed by law. Based on the testimony of Alfred Owre, M. D., the Commission finds that as a result of the accident the claimant suffered 75% permanent partial disability to the body as a whole.

"Therefore, the Commission awards compensation for said accident in favor of the employee and against said employer and insurer as provided in the Missouri Workmen's Compensation Law, as follows:

"For a Healing Period _____ the sum of _____ $52.00 per week for 30 weeks

"For Permanent Partial Disability _____ the sum of _____ 47.00 per week for 300 weeks

"Said payments to begin September 15, 1966 and to be payable and be subject to modification and review as provided in said Law.

"The employer and insurer shall provide employee with such medical, surgical, hospital and nursing care and treatment as may be reasonably necessary to cure and relieve the employee from the effects of his injuries.

"This award is subject to a lien in an amount equal to 25% thereof in favor of

James S. Formby, Robert E. Stewart and Richard Bell, Attorneys, for legal services rendered. Any past due compensation shall bear interest at the rate of six per cent per annum from date due until paid as provided by Section 287.160 Revised Statutes of Missouri, 1969.

"ON THE MOTION PENDING

"Finding that there is ample competent and substantial medical evidence in the record related to employee's physical impairment, the motion of the employer and insurer to remand the case to the Division of Workmen's Compensation for further evidence on the issue of employee's nature and extent of disability is hereby denied."

On July 30, 1973, the employer-insurer filed its "Application For Review and Change of Award." By paragraph 1, the movant made "application to the Commission pursuant to R.S.Mo.287.470 requesting that said award be changed, modified and reviewed so that petitioner can show that the employee's mental disability complained of took a great change for the better if not disappeared entirely during the 300 week payment period awarded." Paragraph 2 sought a change in the 30 week healing period on the ground that under the law at the time of the accident, the period of healing allowable was 20 weeks.

Insofar as the record in this case shows, the Industrial Commission did not act on the application.

On August 8, 1973, the employer-insurer filed with the Industrial Commission a notice of appeal to the circuit court from the order of July 12, 1973.

On January 16, 1974, the employee filed a motion in the circuit court to dismiss the appeal on the grounds that the award was not an appealable order. On January 17, 1974, the court took up and sustained the motion and remanded the cause to the Industrial Commission.

On February 4, 1974, the employee filed his motion for judgment on the award, pur-

suant to § 287.500. The employer-insurer filed suggestions in opposition to such motion, pointing out that the employee had contended in his motion to dismiss the appeal that the order from which they attempted to appeal was not final, but that the motion for judgment was necessarily premised on the order being a final order. The employer-insurer suggested that the court should either dismiss their appeal and remand the case to the Commission and not allow judgment to be entered under § 287.-500, or should allow their appeal to stand.

On July 15, 1974, the court took up the employee's motion for judgment and sustained it, adopting the language of the Commission's award. The employer-insurer took this appeal.

The judgment appealed from was entered under § 287.500, RSMo 1969, which provides:

"Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or of the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court. Any such judgment of said circuit court unappealed from or affirmed on appeal or modified in obedience to the mandate of the appellate court, whenever modified on account of a changed condition under section 287.470, shall be modified to conform to any decision of the commission, ending, diminishing or increasing any weekly payment under the provisions of section 287.470 upon the presentation to it of a certified copy of such decision."

Appellants contend that the trial court had no authority to act under that statute because:

"A. Appellants had filed an Application for Review and a Notice of Appeal from the award of the Industrial Commission, and;

"B. Alternatively, there was no valid final enforceable award by the Industrial Commission in existence at the time the trial court entered judgment under § 287.-500 R.S.Mo.1969."

■ Appellants did file an appeal from the order of the Industrial Commission. However, that appeal was dismissed and no appeal was pending at the time of the filing of respondent's motion for judgment and the entry of judgment thereon. Appellants took no action to preserve their appeal by any post-judgment motion. The respondent's motion for judgment was filed before the 30-day period required for finality of the judgment (Rule 75.01) had expired, so that appellants must have been award of the advantage which the respondent intended to take of the dismissal of the appeal, yet the appellants undertook no action to uphold their appeal from the Commission, by appeal of the trial court's judgment or otherwise.

■ Appellants argue that the trial court's dismissal of their appeal was erroneous and that this court should, as one alternative, remand the case to the circuit court for a hearing of their appeal on its merits. However, since appellants took no timely action to preserve their appeal, that relief is not available and this court is not required to pass upon the merits of the trial court's action in dismissing the appeal.

Appellants did file what they denominated an "Application for Review" with the Commission. However, considering § 287.-500 in the light of § 287.480, it is clear that the application for review contemplated by § 287.500 is the application for review, under § 287.480, by the Industrial Commission of an award of the Workmen's Compensation Division, made under § 287.460.

The so-called application for review in this case was actually an application for change in award because of changed conditions, under § 287.470. § 287.500, above quoted, expressly contemplates that any judgment entered under it is subject to modification pursuant to an order under § 287.470, which reinforces the conclusion that the application for review which precludes a judgment on an award is an application under § 287.480, and no such application was pending in this case.

Appellants' contention that no judgment could be taken on the Commission's order because they had filed an appeal and application for review is rejected.

 The alternative contention of appellants that the order of the Commission was not a final order is premised on the proposition that all issues between the parties had not been disposed of. By its terms, the Commission clearly intended the order to adjudicate the right of the claimant to compensation benefits. Appellants do not state what issues they claim remain to be resolved between the parties. As above pointed out, any application for modification because of changed conditions would not preclude the application of § 287.500. Appellants strenuously resist the suggestion of respondent that the award of the Commission is a temporary or partial one, subject, under § 287.510, to the penalty of being doubled for noncompliance. Their argument on that score is more convincing than their argument that the order was not a final order. In any event, the imposition of the sanction of § 287.510 is not properly a matter for original consideration in this court.

The Commission obviously considered the order a final one and appellants have not demonstrated why it should be considered otherwise. No basis for the reversal on this ground of the trial court's judgment has been shown.

On oral argument counsel for respondent acknowledged that under the law in effect at the time of the accident here involved, the maximum healing period was 20 weeks rather than the 30 weeks allowed by the Commission. (The 20-week healing period, provided by § 287.190, RSMo 1965 Supp., was extended to 30 weeks by a 1967 amendment (Laws of Mo.1967, pp. 384, 386), which became effective October 13, 1967.) The judgment should be modified in that regard and as modified will be affirmed.

Respondent's motion, taken with the case, to dismiss the appeal, for damages and penalties for pursuing a frivolous appeal, and for remand of the case to the Lafayette County Circuit Court for entry of judgment, doubling the amount of the award, is overruled.

Judgment modified, and, as modified, affirmed.

All concur.