CITIZENS ELECTRIC
CORPORATION, Appellant,

v.

DIRECTOR OF the DEPARTMENT OF
REVENUE, et al., Respondents.

No. 69763.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

John C. Hannegan, Tracy L. Mathis, Robert W. Agler, St. Charles, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

COVINGTON, Justice.

Citizens Electric Corporation seeks review of a decision of the Administrative Hearing Commission upholding a Missouri corporate franchise tax assessment by the Director of Revenue. The decision of the Commission is affirmed.

The facts are not in dispute. In 1941, Genevieve Electric was organized as a rural electric cooperative with a purpose similar to other rural electric cooperatives. In 1945, Genevieve Electric purchased an investor owned utility which, among other things, provided electrical service to the cities of Ste. Genevieve and Perryville, Missouri. Because Missouri law prohibited a rural electric cooperative from providing electric service to cities larger than fifteen hundred people, Citizens Electric was

formed under the General and Business Corporation Law of Missouri, and all of the assets of Genevieve Electric were transferred to Citizens Electric.

Although incorporated under Chapter 351, Citizens Electric continued to operate in the manner of a rural electric cooperative, that is, to furnish electricity to consumers on a not-for-profit and cooperative basis. At all times relevant, the Internal Revenue Service exempted Citizens Electric from payment of federal income tax under § 501(c)(12) of the Internal Revenue Code, and the Missouri Department of Revenue accepted and approved the determination of the Internal Revenue Service for state income tax purposes.

Citizens Electric filed its yearly tax return and paid corporation franchise tax to the State of Missouri without protest until June 8, 1983, when Citizens Electric applied for a refund of the 1982 and 1983 franchise tax. Citizens Electric paid the 1984 corporation franchise tax under protest and filed a concurrent application for refund.

Citizens Electric claims the corporation was exempt from tax under § 147.010.2, RSMo 1986, as a corporation not organized for profit because it operates in a non-profit manner and is substantially similar to a rural electric cooperative.

Section 147.010 provides in pertinent part:

1. For ... each taxable year beginning on or after January 1, 1980, every corporation organized under or subject to chapter 351, RSMo, or under any other laws of this state shall, in addition to all other fees and taxes now required or paid, pay an annual franchise tax to the State of Missouri....

2. This law shall not apply to corporations not organized for profit,....

The parties agree that Citizens Electric operates in a non-profit manner. The issue centers upon the meanings of the word "organize" and the phrase "not organized for profit." The term "organize" has not previously been construed by this Court in the context of a taxation question. Each party has brought to the Court's attention a definition for determining the legal im-

port of the word "organize." The Director urges a definition which emphasizes formation or creation. Citizens Electric suggests a meaning, however, which focuses upon the corporation's operational history, including the purposes and objectives for which it was formed.

■ Underlying the Court's consideration of the issue is the primary rule that a tax exemption is to be construed strictly against the party who claims the exemption. *Missouri Pub. Serv. Co. v. Director of Revenue*, 733 S.W.2d 448, 449 (Mo. banc 1987). This rule of construction, when read in conjunction with the apparent intent of the legislature, mandates that the Director's definition of the term "organize" must prevail.

■ In addressing Citizens Electric's argument that it is substantially similar to a rural electric cooperative, the facts related to Citizens Electric's actual organization, rather than those surrounding its operational history, are determinative. In considering the pertinent facts, it is important to distinguish between the words "organize" and "operate." While Citizens Electric contends that its avowed purpose of operating as a rural electric cooperative qualifies the corporation for exemption from assessment of franchise tax, Citizens Electric did not and could not organize as a rural electric cooperative under Missouri law. Section 394.030, RSMo 1986, provides that cooperative, non-profit, membership corporations may be organized for the purpose of supplying electrical energy in rural areas. A "rural area" is an area not including cities, towns or villages with a population in excess of fifteen hundred people. § 394.020(3), RSMo 1986. Citizens Electric voluntarily chose to serve cities larger than fifteen hundred people. Its purpose or motive in organizing under Chapter 351 was to permit itself to serve those communities. Since it does so, it could not organize under § 394.030. It has, by its own election, plainly and literally, organized instead under Chapter 351.

Notwithstanding its organization under Chapter 351, Citizens Electric contends that

the Court should make inquiry into facts relevant to the corporation's operational history. Because the corporation operates as if it were a not-for-profit corporation, Citizens Electric asserts, it should be exempt from assessment of franchise tax.

Citizens Electric's argument and citations of cases of other jurisdictions in support are not unpersuasive. Evidence of the legislature's intent, however, overrides Citizens Electric's assertion that its substance, rather than its form, should be determinative. In construing a statute it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times. *Weber v. Missouri State Highway Comm'n*, 639 S.W.2d 825, 829 (Mo.1982). When the legislature enacts a statute referring to terms which have had other judicial or legislative meaning attached to them, the legislature is presumed to have acted with knowledge of that judicial or legislative action. *Hudson v. School Dist. of Kansas City*, 578 S.W.2d 301, 311 (Mo.App.1979).

In seeking guidance for interpretation of the term "not organized for profit," as expressed in § 147.010.2, the Court is informed by the General Not for Profit Corporation Law, Chapter 355, RSMo 1986. There the legislature has expressly prohibited a not-for-profit corporation from furnishing electricity on a cooperative basis. Section 355.025 sets forth the purposes for which a not-for-profit corporation may be organized or operated and provides in pertinent part: "No group, association or organization created for or engaged in business or activity for profit, or on the cooperative plan, provision for the incorporation of which is made by any of the incorporation laws of this state, shall be organized or operate as a corporation under this chapter." In the context of Chapter 355, therefore, it is inappropriate to distinguish between "organize" and "operate" because § 355.025 prohibits both. Citizens Electric's emphasis upon its operational history, therefore, is without merit. Moreover, in interpreting § 355.025, this Court has concluded that the legislature "did not intend to authorize the providing of electricity or other energy sources on a cooperative basis by a not-for-profit corporation." *State ex rel. Anderson v. Ozark Transmission Dist.*, 409 S.W.2d 71, 74 (Mo. banc 1966). The legislature's statement in Chapter 355 that an entity operating on the cooperative plan could neither organize nor operate as a not-for-profit corporation is plain and unambiguous. Assuming that the legislature acted with knowledge of both its own action in Chapter 355 and this Court's interpretation thereof, it appears clear that the legislature did not intend to include corporations such as Citizens Electric within the exemption provided in § 147.010.2.

Citizens Electric, consequently, does not fall within the exemption of § 147.010.2, RSMo 1986. Under the specific language of § 147.010.1, Citizens Electric is, therefore, subject to assessment of the corporation franchise tax.

In a final point, Citizens Electric raises a constitutional challenge clothed in language suggesting that there is not a legally cognizable distinction between the organization and operation of Citizens Electric and a Chapter 394 rural electric cooperative. Citizens Electric did not present this contention in the proceedings below. A constitutional question must be raised at the earliest possible opportunity, otherwise it is waived. *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 612 (Mo.1964).

The decision of the Administrative Hearing Commission is affirmed.

All concur.