Paul Corley REINERD, Appellant,

v.

A.B. CHANCE COMPANY and Liberty Mutual Insurance Company, Respondents.

No. WD 43393.

Missouri Court of Appeals,
Western District.

Nov. 20, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Russell C. Still, Columbia, for appellant.

Raymond J. Flunker, Jeffrey M. Proske, St. Louis, for respondents.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

BERREY, Presiding Judge.

This is an appeal from the Labor and Industrial Relations Commission's final award denying compensation to appellant on April 27, 1990.

Appellant was injured in an accident arising out of and in the course of his employment with A.B. Chance Company on April 11, 1983. Appellant testified concerning the accident and two medical reports were received in evidence. Dr. Garth Russell's

report of June 10, 1988, rated appellant's permanent partial impairment to be 60% as rated at the lumbar spine or body as a whole. Also received was Dr. Russell's report of November 21, 1988, rating appellant's disability at 40% of the body as a whole.

The administrative law judge found claimant to be entitled to 240 weeks of permanent partial disability, less employer's credit. This was calculated as "212⁴/₇ weeks, i.e., 264⁴/₇ weeks of temporary total disability paid less the 52–week healing period." He then calculated that appellant was to be paid 27³/₇ weeks of compensation at a rate of $113.69 per week for a total amount of—$3,118.36.

Subsequently on August 18, 1989, the administrative law judge modified his order as follows:

> The Employer's credit is calculated incorrectly and should be based on a temporary total disability rate of $187.73 which results in a credit of $39,906.06. Because this credit exceeds the amount of permanent partial disability awarded to Claimant of $27,285.60, no further payment is due from the Employer/Insurer in this case.

The appellant alleges the trial court erred in affirming the award of the Administrative Law Judge because the respondents were not allowed credit for the amount of temporary total disability paid in excess of 52 weeks.

Pursuant to § 287.170, RSMo 1982, appellant began receiving temporary total benefits on April 11, 1983. At that time § 287.190, RSMo 1981, provided a credit to the employer for any payment made in excess of the initial 52 week healing period. Section 287.190 was subsequently amended as of September 28, 1983, and as amended there was no provision for credit back to the employer.

The initial 52–week period ended April 11, 1984. Payments continued into 1988 for a total of 264⁴/₇ weeks, leaving a credit under the Act in effect at the time of appellant's injury of 212⁴/₇ weeks times the weekly compensation rate of $187.73. Appellant would have the 1983 amendment,

which became effective after the accident, applied retroactively, thus, avoiding the credit back to the employer/insurer of 212⁴/₇ weeks.

■ Art. I, § 13 of the Missouri Constitution provides that no law "retrospective in its operation" may be enacted. There are exceptions: (1) when the legislature specifically provides that the statute have retroactive effect and; (2) when the statute is procedural or remedial only and the substantive rights of parties are not affected. *State ex rel. St. Louis–San Francisco Railway Company v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

■ The statutes at issue are § 287.190, RSMo 1981 and § 287.190, RSMo 1983. They provide as follows:

> [T]he employer shall pay to the employee for a healing period, a period of not to exceed fifty-two weeks of that compensation allowed for temporary total disability under section 287.170 or temporary partial disability under section 287.180. The healing period shall end at any time within the fifty-two weeks that the employee is able to return to and remain in any employment. The total healing period allowed for all injuries arising out of one accident shall be no more than fifty-two weeks. The employer shall be entitled to credit against any permanent partial disability, with respect to any amount paid for temporary total disability or temporary partial disability in excess of the fifty-two week healing period.

The statute as amended September 28, 1983 states:

> For permanent partial disability, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with Sections 287.170 and 287.180, respectively, the employer shall pay to the employee compensation computed at the weekly rate of compensation in effect under subsection 5 of this section on the date of the injury for which compensation is being made, which compensation shall be allowed for loss of severance, total loss of use, or proportionate loss of use of

one or more of the members mentioned in the schedule of losses.

Section 287.190, RSMo 1983 as amended contains no healing provision. However, the appellant's injury and compensation is governed by § 287.190, RSMo 1981.

The legislature did not specifically state that the new § 287.190 should apply retroactively. *Todd v. Goostree,* 528 S.W.2d 470 (Mo.App.1975), a case quite similar to the one at bar, is instructive. In *Todd* the maximum healing period at the time of the employee's accident was twenty weeks. The twenty week healing period was extended by the legislature to thirty weeks and thirty weeks was what the Commission allowed. The court modified the judgment to reflect the correct term of twenty weeks, the healing period in effect at the time of the accident. *Id.* at 475. The appellant has cited *Todd* as inapposite to the case at bar. The appellant's reading of *Todd* is erroneous. Appellant's point is ruled against him and the award of the Labor and Industrial Relations Commission affirming the Administrative Law Judge is affirmed.

All concur.