ST. JOSEPH LIGHT & POWER COMPANY, Appellant,

v.

NODAWAY WORTH ELECTRIC COOPERATIVE, INC., Respondent.

No. WD 44792.

Missouri Court of Appeals, Western District.

Jan. 21, 1992.

Mark Wood Comley, Jefferson City, for appellant.

Marvin L. Sharp, Trenton, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

St. Joseph Light & Power Company appeals the judgment of the trial court denying it an injunction against respondent, Nodaway Worth Electric Cooperative, Inc. St. Joseph Light & Power sought by way of injunction to prevent the Nodaway Worth Electric Cooperative from supplying electric service to the Worth County R–III School District and the West Nodaway R–I School District.

This dispute arose because St. Joseph Light & Power was supplying electric service to the school districts, but the districts had requested that Nodaway Worth Electric supply electric service and Nodaway Worth Electric had agreed to do so. St. Joseph Light & Power filed its petition for injunctive relief on April 19, 1991. The trial court entered its order denying a permanent injunction on May 9, 1991, and St. Joseph Light & Power appealed.

At the time of the judgment of the trial court, § 394.315, RSMo 1986, (now repealed), was the applicable law which provided, in relevant part, as follows:

> **394.315. Power supplier not to furnish power to persons served by another supplier, exception—public service commission, powers, limitations**
>
> 1. As used in this section, the following terms mean:
>
> (1) **"Person" or "persons"**, a natural person, cooperative or private corporation, association, firm, partnership, receiver, trustee, agency, or business trust;
>
> 2. ... Notwithstanding any other provision of law to the contrary, no rural electric cooperative shall be permitted or required to supply retail electric energy to any person at a structure where said person is receiving, or has within the last sixty days received, retail electric energy from another supplier of electric energy...." [1]

---

1. During the First Regular Session of the Eighty–Sixth General Assembly, the legislature passed C.C.S.H.S.S.S.S.B. 221 (SB 221). SB 221 contained an emergency clause which caused the legislation to take effect on the date of the Governor's signature, July 11, 1991.

Under the terms of § 394.315, RSMo 1986, if the school districts are considered "persons," then Nodaway Worth Electric would be prohibited from supplying the districts with electric service as contemplated in the case at bar. If the districts are not "persons," then § 394.315, RSMo 1986, did not prohibit the districts from switching their electric supplier from St. Joseph Light & Power to Nodaway Worth Electric.

St. Joseph Light and Power argues that the school districts are "persons" within the meaning of § 394.315, because each is an "agency" as that term is used within the definition of person under § 394.315.1(1), RSMo 1986.

■ The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider the words used in a statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986). Furthermore, when the legislature enacts a statute referring to terms which have had other legislative or judicial meaning attached to them, the legislature is presumed to have acted with knowledge of that legislative or judicial action. *Citizens Electric Corporation v. Director of the Department of Revenue,* 766 S.W.2d 450, 452 (Mo. banc 1989).

The common definition of "agency" is as found in the Restatement (Second) of Agency § 1 (1957). The Restatement defines agency as a fiduciary relationship which results from the consent by one person, the principal to another, the agent, for the agent to act on the principal's behalf and to be subject to the principal's control. *Lange Company, Inc. v. Cleaning By House Beautiful,* 793 S.W.2d 869, 871 (Mo. App.1990). The Restatement of Agency definition was first adopted by the Missouri Supreme Court in *Leidy v. Taliaferro,* 260 S.W.2d 504, 505 (Mo.1953).

■ The school districts in the case at bar are not within the common definition of agency.

■ It is also significant here to note that in construing a statute, it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed. *Citizens Electric Corporation,* 766 S.W.2d at 452.

In this regard, Chapter 394, RSMo pertaining to Rural Electric Cooperatives was enacted in 1939. Section 394.020(2), RSMo 1986, provides as follows:

In this chapter, unless the context otherwise requires,

(2) "Person" includes any natural person, firm, association, corporation, business trust, partnership, federal agency, state or political subdivision or agency thereof, or any body politic....

As quoted above, under § 394.020(2), "Person" includes "state or political subdivision or agency thereof, or any body politic." Furthermore, § 394.080(4), RSMo 1986, gives to Rural Electric Cooperatives, the power to sell electric energy "to governmental agencies and political subdivisions, and to other persons...." Therefore, under § 394.020 and 394.080, the respondent has general authority to supply electricity to school districts.

Among other matters within SB 221, the legislation amended § 394.315 by eliminating the entire definition of "person" under § 394.315.-1(1), RSMo 1986. SB 221 also adopted a new provision in § 393.106.2 which provides as follows:

Once an electrical corporation or joint municipal utility commission, or its predecessor in interest, lawfully commences supplying retail electric energy to a structure through permanent service facilities, it shall have the right to continue serving such structure, and other suppliers of electrical energy shall not have the right to provide service to the structure except as might be otherwise permitted in the context of a municipal annexation, ... or pursuant to a territorial agreement approved under section 394.312, RSMo.

SB 221 did not provide that its terms were to have retroactive effect, and as applied in the case at bar, the terms of SB 221 affect substantive rights of the parties. Therefore, § 394.315, RSMo 1986 (now repealed) is applicable to this appeal. *See, Reinerd v. A.B. Chance Company,* 800 S.W.2d 777, 778 (Mo.App.1990).

Section 394.020 was enacted in 1939 and in subsection (2) "person" specifically includes "state or political subdivision or agency thereof, or any body politic." In § 394.315.1(1), RSMo 1986, "person" does not include "state or political subdivision or agency thereof, or any body politic." Section 394.315.1(1) makes no reference to public entities within its definition of person. A private corporation is considered a "person" under § 394.315.1(1), RSMo 1986, but a public corporation is not. If the Missouri Legislature had intended to include "political subdivision or agency thereof, or any body politic," in § 394.315.1(1), RSMo 1986, the Legislature could have done so, as it did in § 394.020 which was already in existence when § 394.315.1(1), RSMo 1986 was enacted.

■ The variations in the language employed within these statutes are indicative that the legislature did not intend to include state or political subdivisions or agencies thereof, or bodies politic within the definition of person under § 394.315, RSMo 1986 (now repealed).

The school districts here are not "persons" as that term is used under § 394.315, RSMo 1986, (now repealed).

The judgment of the trial court is affirmed. This cause is remanded to the trial court to enter an order directing the St. Joseph Light and Power Company to disconnect service and allowing Nodaway Worth Electric Cooperative, Inc., to provide service to both or either of the Worth County R–III School District or the West Nodaway R–I School District, provided either or both of said school districts currently desires to exercise the option of service that this opinion holds said school districts had at the time of trial herein.

All concur.