Raymond T. Wagner, Jr., Director Department of Revenue Post Office Box 311 Jefferson City, Missouri 65102
Dear Director Wagner:
This opinion is in response to the following questions submitted by the prior Director of Revenue:
 1. When regulations are promulgated to implement legislation, does a separate fiscal note need to be prepared for each proposed regulation in satisfaction of the requirements of Sections 536.200 and 536.205, RSMo, or is the cost attributable to the legislation rather than the regulation?
 2. Is an agency required to file fiscal notes pursuant to Sections 536.200
and 536.205 when the rule and/or regulation being promulgated is required pursuant to the decision of a court of competent jurisdiction that changes the manner in which a tax is collected?
Section 536.200, RSMo Supp. 1991, states:
 536.200 Fiscal note for proposed rules affecting public funds, required when, where filed, contents — failure to file procedure — publication — effect of failure to publish — first year evaluation, publication. — 1. Any state agency filing a notice of proposed rulemaking, as required by section 536.021, wherein the adoption, amendment, or rescission of the rule would require or result in an expenditure of public funds by or a reduction of public revenues for that agency or any other state agency of the state government or any political subdivision thereof including counties, cities, towns, and villages, and school, road, drainage, sewer, water, levee, or any other special purpose district which is estimated to cost more than five hundred dollars in the aggregate to any category of the above, shall at the time of filing the notice with the secretary of state file a fiscal note estimating the cost to each affected agency or to each class of the various political subdivisions to be affected. The fiscal note shall contain a detailed estimated cost of compliance and shall be supported with an affidavit by the director of the department to which the agency belongs that in his opinion the estimate is reasonably accurate. If no fiscal note is filed, the director of the department to which the agency belongs shall file an affidavit which states that the proposed change will cost less than five hundred dollars in the aggregate to all categories listed above.
 2. In the event that at the end of the first full fiscal year of implementation of the rule, amendment, or rescission the cost, in the aggregate, has exceeded by ten percent or more the estimated cost in the fiscal note or has exceeded five hundred dollars if an affidavit has been filed stating the proposed change will cost less than five hundred dollars, with cost to be determined by the adopting agency, the original estimated cost together with the actual cost during the first fiscal year shall be published by the adopting agency in the Missouri Register within ninety days after the close of the fiscal year and if the adopting agency fails to publish same, if required by this section, the rule, amendment, or rescission shall immediately be void and of no further force or effect.
 3. The estimated cost in the aggregate shall be published in the Missouri Register contemporary with and adjacent to the notice of proposed rulemaking, and failure to do so shall render any rule promulgated thereunder void and of no force or effect. [Emphasis added.]
Section 536.205, RSMo 1986, states:
 536.205. Fiscal notes for proposed rules affecting private persons or entities, required, when, where filed, contents — publication — effect of failure to publish. — 1. Any state agency filing a notice of proposed rulemaking, as required by section 536.021, whereby the adoption, amendment, or rescission of the rule would require an expenditure of money by or a reduction in income for any person, firm, corporation, association, partnership, proprietorship or business entity of any kind or character which is estimated to cost more than five hundred dollars in the aggregate, shall at the time of filing the notice with the secretary of state file a fiscal note containing the following information and estimates of cost:
 (1) An estimate of the number of persons, firms, corporations, associations, partnerships, proprietorships or business entities of any kind or character by class which would likely be affected by the adoption of the proposed rule, amendment or rescission of a rule;
 (2) A classification by types of the business entities in such manner as to give reasonable notice of the number and kind of businesses which would likely be affected;
 (3) An estimate in the aggregate as to the cost of compliance with the rule, amendment or rescission of a rule by the affected persons, firms, corporations, associations, partnerships, proprietorships or business entities of any kind or character.
 2. The fiscal note shall be published in the Missouri Register contemporary with and adjacent to the notice of proposed rulemaking, and failure to do so shall render any rule promulgated thereunder void and of no force and effect. [Emphasis added.]
Your first question inquires whether the fiscal note required by Sections 536.200 and 536.205 is to include the estimated cost attributable only to the proposed rulemaking or if the fiscal note is to include the estimated cost attributable to the legislation which the proposed rulemaking implements. The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Company v.Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The language in both sections most relevant to your inquiry has been highlighted above by underlining. Both sections use the language "of the rule" rather than more general language when referring to estimated cost. Therefore, we conclude that the fiscal note required by Sections 536.200 and 536.205 is to only include the estimated cost attributable to the proposed rulemaking and is not to include the estimated cost attributable to the legislation which the proposed rulemaking implements.
In construing a statute it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times.Citizens Electric Corporation v. Director of Department ofRevenue, 766 S.W.2d 450, 452 (Mo. banc 1989). Section23.140.1, RSMo 1986, requires that, prior to being acted upon, all legislation, other than appropriation bills, "be submitted to the oversight division of the committee on legislative research for the preparation of a fiscal note". Subsection 3 of that section requires that the fiscal note accompany the bill throughout its course of passage. Interpreting Sections 536.200
and 536.205 to provide the fiscal note required by such sections is to only include the estimated cost attributable to the proposed rulemaking is consistent with Section 23.140 which addresses the estimated cost associated with legislation.
You have also inquired whether an agency is required to file a fiscal note pursuant to Sections 536.200 and 536.205 when the proposed rulemaking is required as a result of a court decision. Sections 536.200 and 536.205 do not contain any exception for proposed rulemaking resulting from a court decision. Following the plain and ordinary meaning of the statutory language, compliance with Sections 536.200 and 536.205
is required even if the proposed rulemaking results from a court decision.
CONCLUSION
It is the opinion of this office that (1) the fiscal note required by Section 536.200, RSMo Supp. 1991, and Section536.205, RSMo 1986, is to only include the estimated cost attributable to the proposed rulemaking and is not to include the estimated cost attributable to the legislation which the proposed rulemaking implements, and (2) compliance with Sections536.200 and 536.205 is required even if the proposed rulemaking results from a court decision.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General