LUCAS–HUNT VILLAGE ASSOCIATES,
LIMITED PARTNERSHIP,
Petitioner/Appellant,

v.

STATE TAX COMMISSION OF MIS-
SOURI, Composed of Van E. Donley,
Chairman, William R. Brenner And
Bruce E. Davis, Commissioners, And
Kenneth D. Morton, Assessor for The
County of St. Louis, Missouri, Respon-
dents/Respondents.

No. 72278.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 7, 1998.

Timothy J. Tryniecki, Jeffery T. McPher-
son, Armstrong, Teasdale, Schlafly & Davis,
St. Louis, for appellant.

John A. Ross, Dennis C. Affolter, Edward
W. Corrigan, County Counselor, Clayton, for
respondents.

CRANE, Presiding Judge.

Taxpayer Lucas–Hunt Village Associates Limited Partnership (taxpayer) appeals from the judgment of the Circuit Court of St. Louis County affirming the State Tax Commission's classification of its apartment complex under Section 137.016.1(3) RSMo (1994)[1] as commercial property for real estate tax purposes for the 1994 tax year. Taxpayer argues that the property was residential under Section 137.016.1(1) because it was improved by structures of "not more than four dwelling units." Taxpayer also contends that the classification was arbitrary and violated its right to due process under both the U.S. and Missouri constitutions. We find the Commission did not err or violate taxpayer's constitutional rights in classifying the property as commercial and affirm the judgment of the trial court.

Taxpayer owns property improved by an apartment complex of 100 buildings, 94 of which are six-family buildings and six of which are seven-family buildings. The buildings are arranged in several rows and are connected by eight-inch masonry party walls. The buildings are each three stories tall.

The front and rear walls of each building are twelve-inch structural masonry walls. Each building contains two apartments on each floor above grade. In the seven-unit buildings, the seventh apartment is located in the basement across from a boiler room. The six-unit buildings contain below-grade crawl spaces instead of basements. Separating the two apartments on each floor of the building is an eight-inch masonry wall extending from the rear wall to the back wall of a fire-rated masonry enclosed stairwell. This wall extends from below grade to the roof. The apartments on both sides of this wall in each building have doorways providing common access to one stairwell which leads to the exterior entry door at grade level. A diagram showing these walls is contained in the Appendix to this opinion.

1. All Missouri statutory references herein are to RSMo (1994) unless otherwise noted.

2. This subsection was modified in 1995 to remove the requirement that the structure have not more than four dwelling units. Section

Taxpayer adduced expert testimony that the fire wall separating the stairwell from the apartment units on each side has the strength and stability to withstand the collapse of the structures around it. The expert further testified that each stack of apartment units is structurally independent from the other and from the stairwell, the stairwell is also self-supporting, and each stack of three or four apartments is functionally independent.

The St. Louis County Assessor classified taxpayer's property as commercial and assessed its value at $1,228,290.00 for the 1994 tax year. Taxpayer appealed the assessed valuation to the St. Louis County Board of Equalization; its appeal was denied. Taxpayer then appealed to the State Tax Commission. The State Tax Commission affirmed the classification and the assessed valuation. The circuit court upheld the Tax Commission. Taxpayer filed its appeal with the Missouri Supreme Court which transferred the appeal to this court.

On appeal, we review only the findings and decision of the administrative agency, not the judgment of the circuit court. *Morton v. Brenner*, 842 S.W.2d 538, 540 (Mo. banc 1992). We are not bound by the agency's interpretation of the law. *Morton*, 842 S.W.2d at 540 (citing *King v. Laclede Gas Co.*, 648 S.W.2d 113, 114 (Mo. banc 1983)).

For its first point taxpayer contends that the Commission erred in not reclassifying its apartment complex as residential property because the complex consists of structures of "not more than four dwelling units" as required by Section 137.016.1(1). It contends that the central fire wall in each six- (or seven-) unit building creates two separate structures of three (or four) residential units each.

Whether real property is commercial or residential turns on the meaning and application of the term "structure" as used in Section 137.016.1(1).[2] *Morton*, 842 S.W.2d at 539. That subsection of the statute defined

137.016.1(1) RSMo (1995 Supp.). Now all real property improved by structures intended for residential living by human inhabitants is considered residential. *Id.*

residential property as "all real property improved by a structure which is used or intended to be used for residential living by human occupants and which contains not more than four dwelling units...."[3] Section 137.016.1(1). A single parcel of property may have multiple structures, any of which may qualify for residential treatment. *Rothschild v. State Tax Comm'n*, 762 S.W.2d 35, 37 (Mo. banc 1988). Further, structures need not be freestanding but may be connected. *Morton*, 842 S.W.2d at 542.

*Morton* holds that "separateness should be determined from the actual physical characteristics of the structures." *Id.* at 542. "When connecting structures are not interdependent—that is, each maintains an individual physical integrity and each functions independently of the other—then they are separate structures." *Id.* The court found that the best gauge of this separateness is the presence and quality of structural walls. *Id.* It concluded that structures are separate when the connecting walls meet the following standards:

(1) The walls run continuously from the basement foundation to the roof with no structure-to-structure openings; and

(2) The walls are load or weightbearing, with the strength and stability to allow for the collapse of the structure on either side of the wall without the collapse of the wall itself or the structure on the other side.

*Id.*

In *Morton* the Supreme Court held that connecting buildings separated by loadbearing structural walls, extending from the basement to the roof, with no structure-to-structure openings, and which allowed for the collapse of construction on one side without causing the collapse of the wall itself or the construction on the other side were separate structures. *Id.* In *Morton* there were no structure-to-structure openings in the connecting walls. Rather, each structure had its own separate entry with a foyer and a stairway to the second floor apartments, and there was "no entry or direct access from one structure to another." *Id.* at 539. The

walls in *Morton* correspond with the eight inch masonry walls which join each of the six- and seven-unit buildings in this case.

■ However, in this case, unlike *Morton*, the connecting wall separating the apartments in each six- or seven-unit building contains doorways accessing each of the units on both sides of the wall. These doorways open onto an interior stairwell which services all six or seven units in each building and provides ingress and egress from the building. A person can access all of the apartments in each building through these doorways without leaving the building. The doorways in the firewall forming the stairwell provide the type of entry or direct access from one structure to another which constitutes structure-to-structure openings. Thus, the central firewall in each building is not a wall with no structure-to-structure openings and does not meet the first prong of the *Morton* test for a structural wall which creates separate structures under Section 137.016.1(1).

Taxpayer argues that the Building Officials and Code Administrators (BOCA) code allows a structural wall to contain stairwell doors. We do not find this contention persuasive. In *Morton* the Supreme Court based its definition only "in part" on the BOCA code definition of structural walls. *Id.* at 542 n. 5. The court specifically prohibited structure-to-structure openings in defining what type of wall would create separate structures under the statute.

Taxpayer also contends that an opinion of the Tax Commission finding that apartment buildings separated by a covered breezeway constitute two structures supports its claim. An agency's interpretation of the law is not binding on this court. *Morton*, 842 S.W.2d at 540; *King*, 648 S.W.2d at 114.

The Commission did not err in classifying taxpayer's property as commercial under the 1994 version of Section 137.016.1(3). Point one is denied.

---

**3.** The limitation of the residential classification to structures having four or less units has been held constitutional. *Associated Indus. v. State Tax Comm'n*, 722 S.W.2d 916, 918–919 (Mo. banc 1987).

For its second point, taxpayer claims it has suffered an unconstitutional classification or discrimination in violation of the due process and equal protection clauses of the United States Constitution and Article X, Section 3, of the Missouri Constitution because the State Tax Commission has, in another case, found apartment buildings separated by a covered breezeway to be separate structures. Taxpayer argues that there is no logical distinction between an interior stairway and a covered breezeway. Taxpayer also refers to the arguments which were addressed to the legislature seeking a change in the statute.

■ Taxpayer has failed to preserve this issue for appellate review. Taxpayer checked "discrimination," in addition to "misclassification," as a basis for its appeal to the Tax Commission. However, the record does not indicate that taxpayer made any constitutional arguments or developed a factual record on discrimination or misclassification before the Commission. *See e.g. Savage v. State Tax Comm'n of Missouri*, 722 S.W.2d 72 (Mo. banc 1986). Taxpayer did not make any reference to the United States or Missouri constitutions in its application for review to the Commission. Taxpayer did refer to the tax commission case upon which it now relies in its Application for Review of Hearing Officer Decision and Order. However, it did so to support its contention that the hearing officer erroneously interpreted the law and not in support of a finding of unconstitutional discrimination or classification.

■ Taxpayer first raised its discrimination or misclassification claim as a violation of the Missouri Constitution in its petition for review to the circuit court. It first raised its discrimination or misclassification claim as a violation of the federal constitution on appeal to this court. Constitutional claims are deemed waived that are not raised at the first opportunity consistent with good pleading and orderly procedure. *City of Chesterfield v. Director of Revenue*, 811 S.W.2d 375, 378 (Mo.1991); *Union Elec. Co. v. Director of Revenue*, 799 S.W.2d 78, 80 (Mo.1990); *Citizens Elec. Corp. v. Director of the Dept. of Revenue*, 766 S.W.2d 450, 452 (Mo. banc 1989). Point two is denied.

The judgment of the trial court is affirmed.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.

APPENDIX

TYPICAL FLOOR PLAN
3 Stories

TYPICAL BASEMENT OR FOUNDATION PLAN

- Diagram Shows Typical Masonary Separation Walls,

R. Beuc, A.I.A., Architects