Dear Representative Chappelle-Nadal:
This opinion is in response to your question in which you asked whether a city official appointed by the mayor and approved by the city council to fill a vacancy for the unexpired term of a councilperson is considered an "appointive officer" or an "elective officer" for purposes of determining the proper procedures for removal under Section 77.340, RSMo.[1]
Section 77.340 provides that:
 The mayor may, with the consent of a majority of all the members elected to the city council, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the council, sitting as a court of impeachment. Any elective officer may, in like manner, for cause shown, be removed from office by a two-thirds vote of all the members elected to the city council, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the council, remove from office any appointive officer of the city at will; and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the council, independently of the mayor's approval or recommendation. The council may pass ordinances regulating the manner of impeachment and removals.
The city council is an elected body pursuant to Section 77.030. Therefore, a city councilperson is normally an elected official. In this case, the councilperson was appointed to her position to fill a vacancy, so the question regarding the proper method of removal has arisen.
Our research has revealed no cases addressing the issue you raise. Therefore, we employ the customary rules of statutory construction to interpret Section 77.340. The primary rule of statutory construction is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words in the statute in their plain and ordinary meaning." Day v. Wright County, 69 S.W.3d 485, 490
(Mo.App.S.D. 2000). Undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of lawmakers. Asbury v. Lombardi, 846 S.W.2d 196,201 (Mo. banc 1993). In construing a statute, it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes were enacted at different times. Citizens Elec. Corp. v. Dir. ofDep't of Revenue, 766 S.W.2d 450, 452 (Mo. banc 1989).
Employing these principles, we note that Section 77.340 prescribes rules for the removal of "elective" and "appointive" officials, not "elected" or "appointed" officials. Webster's II NEW COLLEGE Dictionary defines "elective" as: "1. Of or relating to a selection by vote. 2. Filled or obtained by electionelective positions." By contrast, "elected" means "select[ed] by vote for an office[.]" Black's LAW DICTIONARY defines "elective" as "bestowed or passing by election," and "elective office" as "one which is to be filled by popular election." Similarly, WEBSTER'S II defines "appointive" as "relating to or filled by appointment," and "appointed" means "name[d] to fill an office or position." From these definitions, we believe that the legislature intended that the different procedures described in Section 77.340 pertain to the offices themselves, regardless of whether the person filling the office does so as a result of an appointment.
Our conclusion is bolstered by Section 77.450, RSMo Cum. Supp. 2005, which should be read in pari materia with Section 77.340. It provides that:
 If a vacancy occurs in any elective office other than the office of mayor, a successor to the vacant office shall be selected by appointment by the mayor with the advice and consent of a majority of the remaining members of the council. . . . If a vacancy occurs in any office not elective, the mayor shall appoint a suitable person to discharge the duties of the same. . . .
This statute also makes it clear that the distinction in Chapter 77 is between "elective" and "appointive" offices, not between "elected" and "appointed" officers. The distinction has to do with the nature of the office rather than its particular occupant at any given time. Accordingly, we are of the opinion that the appropriate procedures for removing a city councilperson under the circumstances described in your inquiry are those that related to an elective official.
 CONCLUSION
It is the opinion of this office that a city councilperson appointed by the mayor to fill a vacancy for the unexpired term of that position must be removed in accordance with the procedures applicable to elective, rather than appointive, officials set forth in Section 77.340.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise noted.